NATIONAL FIRE INSURANCE COMPANY vs. SACKETT and FITCH.

Where, upon an application for a loan of money, it was agreed to make the loan at an usurious premium, and the parties agreed that such contract should be carried into effect by the borrower's giving his note to a third person, and taking the note of the latter for the same amount in exchange therefor, and selling it to the lender at the discount agreed upon as the usurious premium, and the usurious contract was afterwards consummated in that way, the third person, who gave his note in exchange, being informed of the object for which the exchange of notes was made; *Held,* that the whole transaction was void for usury.

It is a settled principle, of the court of chancery, not to open a regular default to enable a defendant to set up usury as a defence; except upon the condition that he waives the forfeiture, and only insists upon the defence of usury to the extent of the usurious premium paid or agreed to be paid.

THIS was an application on the part of the defendant Sackett to open the order which had been entered closing the proofs; and that he might be permitted to examine his co-defendant as a witness to prove the defence stated in his answer. The facts sufficiently appear in the opinion of the chancellor.

*R. R. Ward,* for the complainants.

*J. L. Lawrence,* for the defendants.

THE CHANCELLOR. As the answer sets up a meritorious defence as to a part of the demand, at least so far as relates to the offset of the $200, loaned to Sherman at the time of the execution of the mortgage and before the assignment to the complainants, the applicant ought to be permitted to make out that defence by his proofs, under the circumstances of the case. I am also of the opinion that the facts sworn to in the answer of Sackett will, if proved, render the bond and mortgage void for usury, notwithstanding the decision of the supreme court in *Rice* v. *Mather,* (3 *Wend.* 62,) and of the court for the correction of errors in *Rapelye* v. *Anderson,* (4 *Hill's Rep.* 472.) The first of these cases only decides that where two persons ex-

change securities, for the purpose of enabling the receivers respectively to sell them in the market at a discount, both are good and available; and each party may collect the amount of the security received from the other; and that a subsequent sale of such a security at a discount, beyond the legal rate of interest, is not usurious.   And the last case decides that where there is a valid and existing security, if the advance of money thereon assumes the form of a contract of sale, the transaction is not usurious; although the real object of the purchase is to get more than seven per cent for the use of money, and there is an express agreement in writing to guaranty the payment of the whole nominal amount of the security, with legal interest thereon.

In the present case, however, the allegation in the answer of Sackett is, in substance, that there was a prior agreement, between him and Smith, for a loan from the latter, at the usurious premium of $500, beyond the legal rate of interest; and that the exchange of securities, between Sackett and Sherman, was subsequently made for the purpose of carrying such usurious and corrupt agreement into effect, and with knowledge on the part of Sherman of the fact that such was the object of this exchange of securities.   Our courts have not yet gone so far as to declare that it is utterly impossible to make an usurious agreement where the transaction is made to assume the form of the sale of a security for the payment of money; and where such security is to be subsequently created, without any real consideration except as a means of carrying into effect the previous agreement for an usurious loan.

Under the circumstances of this case, therefore, the defendant Sackett should be permitted to show, if he can, that no more than $2800 was justly and equitably due to Sherman, on his bond and mortgage, at the time it was assigned to the complainants.   And he ought also to be permitted to prove the allegation in his answer, that the bond and mortgage had been duly assigned to the North American Trust and Banking Company, and did not belong to Sherman at the time of the alleged assignment thereof to the complainants.

The order to close the proofs, however, appears to have been

regular, and the misdirection of the notice of that order, even if notice was necessary, would not render the order itself invalid. And the settled principle of this court is, not to open a regular default, to enable the defendant to set up a defence of usury, except upon the condition that the defendant shall agree to waive the forfeiture, and only insist upon the defence of usury to the extent of the usurious premium paid or agreed to be paid. The order to close the proofs, so far as relates to the complainants and the defendant Sackett only, must be opened; and the latter must have forty days to take his testimony, upon the payment of $10 costs. But it must be upon the condition that within ten days after the entry of the order upon this decision, the defendant Sackett, or his solicitor, delivers to the solicitor of the complainant a written stipulation, to waive any forfeiture on account of the usury alleged in the answer, beyond the usurious premium of $500 included in the two mortgages, in addition to the money actually loaned to him by Smith, and the $200 paid to Sherman; if that shall also appear to have been intended as a further usurious premium upon the loan.

The defendant Sackett is also to be at liberty to examine the defendant Fitch, as a witness, as to any matters in which the latter is not interested, and subject to all just exceptions to him as a witness, on the ground of interest or otherwise; in case the order to close the proofs is thus opened. But if Sackett thinks proper to examine his co-defendant as a witness, the complainants are to be at liberty to examine other witnesses to contradict, rebut, or explain the matters testified to by Fitch; although no list of such witnesses has heretofore been furnished to the solicitor of Sackett, or to the examiner.

*Order accordingly.*