22  555
56  807

VANDERVEER's ADMINISTRATOR, appellant, and HOLCOMB
and wife, respondents.

1. Where a defendant answers by favor of the court, he must be restricted
to an equitable answer; where he has a right to answer, such limitation
cannot be imposed.

2. Where husband and wife are properly made defendants to a bill, the
complainant is entitled to a joint answer, and a separate answer may be
suppressed.

3. When the complainant is entitled to an equitable answer, he may
appeal if the defendant is permitted to set up usury without offering to pay
the sum actually due.

The complainant filed his bill for the foreclosure of a
mortgage against Holcomb and wife, who were non-resi-
dents.   The usual order was taken requiring the defendants
to plead, answer, or demur on or before August 26th, 1869.

August 26th, 1869, Holcomb alone filed a demurrer,
which was overruled by an order made May 31st, 1870,
directing the defendants to answer in forty days, and that on
failure to answer, the bill be taken as confessed.   The time
to answer under this order expired July 10th, 1870.

On the 23d of June, 1870, Holcomb, without appearing
for his wife, or in any way answering for her, filed his sep-
arate answer.

October 3d, 1870, the Chancellor made an order suppress-
ing Holcomb's answer as irregular, and directing it to be
stricken from the files, and giving him leave to answer in
thirty days, setting up only an equitable defence.

October 28th, 1870, on application of the defendants'
counsel, the Chancellor made a further order modifying the
order of October 3d, 1870, by striking out of that order the
following clause: "And it is further ordered that the said
defendants, Charles P. Holcomb and Sarah Holcomb, his
wife, have leave to file an answer to complainant's bill, which
shall set up an equitable defence only, within thirty days

from the date of this order;" and directing that said defendants have leave to file an answer within thirty days from the 28th day of October.

The complainant has appealed from this last order.

*Mr. Ransom,* for appellant.

*Mr. J. R. Emery,* for respondents.

The opinion of the court was delivered by
VAN SYCKEL, J.

When a defendant fails to answer the complainant's bill within the prescribed time, and is compelled to appeal to the favor of the court for leave to file his answer, he will be restricted to an equitable defence, and will not be permitted to set up usury; but where he has a right to answer, no such limitation can be imposed. *Collard* v. *Smith,* 2 *Beasley* 43; *Remer* v. *Shaw,* 4 *Halst. Ch.* 355; *Campion* v. *Kille,* 2 *McCarter* 476.

In *Marsh* v. *Lasher,* 2 *Beas.* 253, in which application was made to open a decree, Chancellor Green says: "The only defence disclosed by the evidence is an allegation that the mortgage is founded on a usurious contract. The decided objection to this ground of relief is that usury is not regarded as an equitable defence, and that where a defendant is asking as a matter of favor to be permitted to defend on the ground of usury, neither a court of law or of equity will grant the favor. It is too late to discuss the reason or policy of the rule. It is as well settled as any rule of practice can be, and there is no good reason to disturb it."

The same rule was adopted in New York in the case of *The Fulton Bank* v. *Beach,* 1 *Paige* 432; *S. C.,* on appeal, 3 *Wend.* 573. In this case the defendants asked leave to amend, with the avowed object of getting rid of the payment of moneys actually loaned, as well as of the usurious excess. Chancellor Walworth held "that the granting of

Vanderveer's Administrator *v.* Holcomb.

such an application would not be the exercise of a sound legal discretion, as it would be a violation of the settled principles of the court."

In *Allen* v. *Mapes*, reported in 20 *Wend.* 633, this rule was adopted in a very limited form. In that case the defendant, upon satisfactorily excusing his delay, was permitted to open an inquest taken at the circuit, and interpose the defence of usury. Justice Bronson, in his opinion, says: " If we impose a condition requiring the defence of usury to be abandoned, we must in effect say that any accident by which the plaintiff obtains a regular default, will always exclude this defence. I cannot go so far. Whatever we may think of the policy of the statute against usury, it is our duty to enforce it so long as it remains on our statute book. The nature of the defence should never be taken into consideration in granting applications of this kind, except in very special circumstances."

Without discussing the question whether the rule that he who seeks a favor from the court must offer to do equity, will be as inflexibly applied at law as in equity, or whether for a refusal to apply the rule any remedy exists at law, it is manifest that the views of Justice Bronson are not consistent with the principle upon which the unconscionable defence is excluded, and they have not been regarded as authority for subsequent cases. *National Ins. Co.* v. *Sackett,* 11 *Paige* 660; *Watt* v. *Watt,* 2 *Barb. Ch.* 371; *Quincy* v. *Foot,* 1 *Ibid.* 496.

The plea of usury, when interposed in season, is not available because it is equitable, but because it is the strict legal right of the defendant to set it up, and he cannot be hindered. The inequity is inherent in the nature of the defence itself, and does not depend upon the time at which it is raised.

It is none the less unconscionable to refuse payment of the money actually received when the borrower appeals to the statutory bar in strict time, than when he can do so only by indulgence of the court. If, by circumstances beyond his

control, he fails to file his answer in time, he simply loses the opportunity to do an inequitable act.    No circumstances can make it equitable for the borrower who has received one thousand dollars upon an usurious agreement, to keep the lender's money without paying him a farthing for it.    When he asks the aid of the statute as a right, his defence prevails because it is his right and not because it is equitable.

The rule that he who sets up usury by the favor of the court must offer to pay the sum actually due, has been rigidly adhered to in this state, and no case is known in our equity practice where its application has been controlled by the circumstances attending the defendant's default, or where the rule has been relaxed because such default could be satisfactorily excused.    The rule was carried to the same extent in New York, in *Wager* v. *Stickle*, 3 *Paige* 406, where the defendant's default was satisfactorily explained.    It is a settled rule, which the complainant in this case has a right to appeal to if the defendants cannot file their answer without the favor of the court.    It is not a matter which lies within the arbitrary discretion of the court, but is governed by a well defined and clearly settled principle.

Where husband and wife are properly made defendants to a bill, the husband cannot answer alone ; the complainant is entitled not only to a joint answer, but also to the oath of each ; and the answer of the husband alone is irregular, and will be suppressed.    *Collard* v. *Smith*, 2 *Beasley* 43 ; *Robbins* v. *Abrahams*, 1 *Halst. Ch.* 16 ; *Perrine* v. *Swaine*, 1 *Johns. Ch.* 24 ; *Gee* v. *Cottle*, 3 *M. & Cr.* 180.

The separate answer of the husband having been suppressed, he was in the position of a defendant who had filed no answer at all, and the complainant was strictly entitled to his decree *pro confesso*.

The case wholly differs from that of an insufficient answer. An insufficient answer cannot be suppressed and a decree *pro confesso* entered.    If the defendant's answer is adjudged insufficient, he shall file a second answer in thirty days. *Nix. Dig.* 110, *pl.* 31.    This is the defendant's right ; and,

therefore, in such second answer terms cannot be imposed upon him.

The order suppressing the answer of Holcomb was regularly entered, and put the defendants in default; they had no strict right after that to their answer.

If the court below shall refuse to hold them to an equitable answer, such refusal could not be classed among non-appealable matters, lying wholly in discretion. The mere fact that a matter lies in discretion does not necessarily exclude an appeal. Where, as in this case, the discretion of the Chancellor is controlled and governed by a fixed and determined rule, the failure to apply which would substantially affect the legal and equitable rights of the complainant, an appeal would lie. 6 C. E. Green 485; Rowley v. Van Benthuysen, 16 Wend. 378.

The conclusion that the defendants must be restricted to an equitable defence, and that they cannot insist upon the plea of usury without offering to pay the sum actually due, with legal interest, does not dispose of this case. The order brought up for review is not appealable unless the complainant is aggrieved by it.

As the order now stands, the defendants had leave given them to file their answer in thirty days. The Chancellor's reasons for striking out the clause in the order of October the 3d, are not certified to this court, and we cannot say that the Chancellor thereby intended to allow the defence of usury to be introduced if the defendants did not offer to pay the sum actually due. This court will presume that, under this general order, the defendants will be held to a strictly equitable defence.

The complainant is not aggrieved by the order appealed from; he will not be aggrieved in the premises until the defendants set up an unconscionable defence, and the Chancellor shall refuse to strike it out.

The complainant's mortgage was executed prior to April, 1864. Whether the rule which governs this case will be applicable to usurious contracts made since the act of April

12th, 1864, took effect, must be determined when the question arises.

In my opinion, the appeal should be dismissed with costs, for the reason that it does not appear that the defendants under the order as it stands will be permitted to set up an inequitable defence, and therefore the complainant is not aggrieved by it.

The whole court concurred.