FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAM-
ING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN GRIFFIN,
JOHN E. FOSTER AND MERRITT LANE, VICE-
CHANCELLORS.

---

ARTHUR C. TIPTON et al.

*v.*

JOHN RANDALL et al.

[Decided April 27th, 1917.]

1. A motion to strike out a bill is one substituted for, and takes the place of, a demurrer in the former practice, and is practically a demurrer.

2. The general rule is that a party will not be permitted to demur after he has pleaded to the merits.

3. Under the terms of an order striking out an answer the defendants were granted leave to file an amended answer within a given time, not to demur. Within the time so limited the defendants gave notice of a motion · to strike out the bill on various grounds; and, the time for filing the amended answer having expired, the complainants entered a decree *pro confesso* which defendants now move to strike out as improvidently entered, claiming that rule 75 of this court suspended the running of the time to file an amended answer.—*Held*, that as the motion to strike out the bill was made after the defendants had submitted to answer, which answer was struck out with leave to file an amended answer, not to demur, the motion to strike out in lieu of demurrer, is inefficacious, and that the rule did not suspend the time for filing an amended answer, and that, consequently, the decree *pro confesso* was properly entered and the motion to strike it out, for the reason relied on, must be denied.

On motion to strike out decree *pro confesso*.

*Mr. William A. Lord,* for the motion.

*Mr. Stirling D. Ward* (of Messrs. Lindabury, Depue & Faulks), *contra*.

WALKER, CHANCELLOR.

The files in this case show that the defendants answered the complainants' bill, and that by an order made on March 23d, 1917, the answer was struck out and defendants given ten days within which to file an amended answer. Before the expiration of that time defendants' solicitor served a notice on complainants' solicitors of a motion to strike out the bill of complaint on various grounds, and claims that rule 75 of this court suspends the running of the time to file an amended answer. It does, in terms, but the question is as to whether or not the rule applies at all in this case, under the given circumstances. And that depends upon whether the defendants had a right to move to strike out the bill after having submitted to answer. The time for answering under the order of March 23d expired on April 2d, and, for want of an amended answer being filed, the complainants' solicitors entered a decree *pro confesso* on April 4th. Motion is now made to strike out the decree *pro confesso* as improvidently entered, as a necessary step precedent to arguing the motion to strike out the bill.

A motion to strike out a bill is one substituted for, and takes the place of, a demurrer in the former practice. It is practically a demurrer. This has been repeatedly decided.

The general rule is that a party will not be permitted to demur after he has pleaded to the merits. *31 Cyc. 275*. And demurrers come too late after the time limited for filing them has expired. *Ibid. 274*. Under the terms of the order to strike out the answer, the defendants were given leave to file an amended answer, not to demur.

In England a defendant demurring alone to any bill might do so within twelve days after his appearance, and not afterwards. *Dan. Ch. Pl. & Pr. (6th Am. ed.)* *591. And a demurrer would not be received after the twelve days without a special order enlarging the time, and giving leave to file it, and if by inadvertence it was received, it would, on application of the plaintiff, be taken off the files. *Ibid.* *592.

The question before me I regard as settled in this state by the decision of the court of errors and appeals in *Hand* v. *Hand, 60 N. J. Eq. 518*, in which it was held that a defendant who had failed to file his pleadings within time and a decree *pro confesso* had been entered against him, could not, under permission to answer, file a demurrer to the bill. The facts in that case and the one at bar are not the same, but the principle is. There, a decree *pro confesso* had been entered before any defensive pleading was filed, and the defendants applied for and obtained an order opening the decree to allow them to file an answer in the cause. Under this permission the defendants filed an answer setting up *inter alia* that the bill was multifarious, and prayed the benefit of such defence by way of demurrer, and the court held (at *p. 521*) that as the permission granted extended only to answering the bill, they were limited to the defence mentioned and could put in no further or other defence without leave of the court.

From the foregoing it follows that the motion to dismiss the bill in this case, made after the time for answering had expired and when an answer already put in had been overruled, with permission only to file an amended answer, came too late, and the complainants had a right to disregard it and enter their decree

*pro confesso* after the expiration of the time limited for filing an amended answer.

The motion to strike out the decree *pro confesso,* on the ground that it was improvidently entered, must, therefore, be denied, with costs. But this will be without prejudice to an application to open the decree *pro confesso* for the purpose of filing an amended answer, if notice of such application be given within five days.

A defendant coming in without unnecessary delay after a decree *pro confesso* regularly taken will, upon reasonable ground, be permitted to answer upon payment of costs. *Dick. Ch. Prec. (rev. ed.) 34 note (a).* See, also, *Emery* v *Downing, 13 N. J. Eq. 61; Williamson* v. *Sykes, 13 N. J. Eq. 182.*