Complainant files his bill to foreclose a mortgage upon certain lands and premises in Atlantic City. The petitioner is made a defendant because he is the holder of a mortgage upon the same premises in the sum of $25,000, subject to the mortgage being foreclosed, and is alleged so to be in said bill of complaint.
The petitioner alleges that he retained counsel to take care of its interest in said foreclosure suit, and that through inadvertence, the solicitors neglected and failed to file and answer in its behalf or to file a notice to report its encumbrance; that such proceedings were thereupon had; that the *Page 448 
decree pro confesso was taken, a master's hearing had and a master's report thereto was filed and that final decree had been lodged with the clerk of the court.
At the hearing of the order to show cause, it was announced that the fieri facias had been issued and delivered to the sheriff.
Petitioner prays that the decree may be opened, set aside, vacated and for nothing holden, to the end that it may be permitted to file notice to report and have its encumbrance duly reported upon.
The law governing applications of this nature is most aptly stated by Vice-Chancellor Buchanan in O'Neill v. Linowitz,92 N.J. Eq. 179. Paraphrasing the vice-chancellor's language, in the present case, the showing made by defendant is, that the failure to file answer within time was due to the absence and illness of his counsel. In this behalf, any reasonable ground for indulgence is sufficient if application is made within reasonable time. Emery v. Downing, 13 N.J. Eq. 59; Tipton v. Randall,87 N.J. Eq. 387, 390. Defendant's present application was made within reasonable time and his excuse is sufficient.
Remain the questions as to whether defendant shows that he has in fact a defense or defenses, and whether such defenses, or any of them, are valid, meritorious and equitable. Where defendant answers not as of right but by leave of the court, he will not be permitted to set up other than equitable defenses. Vandeveer'sAdmr. v. Holcomb, 22 N.J. Eq. 555.
In the present case the defendant does not ask to file an answer and his application is based entirely upon his desire to file the notice provided for by rule 186 of this court. This is not a defense.
While it is true that the opening of a decree in chancery entered by default rests in the discretion of the chancellor, that discretion does not extend to cases where the defendant fails to show that he has a defense or defenses which are valid, meritorious and equitable.
The prayer of the petitioner is as above recited and the affidavit concludes: "This affidavit is made for the purpose *Page 449 
of having the decree pro confesso opened up so that we may serve notice to have our client's claim reported."
The affidavit filed by the complainant contains no evidence of any facts indicating the existence of any such defense as would permit the court to exercise its discretion in opening said decree.