NEW BRUNSWICK MOTOR TRUCK SALES, INCORPORATED, APPELLANT, v. HARRY W. SCOTT, RESPONDENT.

Submitted October 12, 1934—Decided January 24, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the appellant, *Norman B. Grobert.*

For the respondent, *Harry Levin.*

The opinion of the court was delivered by

PARKER, J. The suit is in replevin, by a chattel mortgagee who claims to have seized and sold the chattels and bought in at the sale. Defendant is a purchaser of the same chattels (five automobile trucks) at another sale to satisfy garage keeper's liens. The meritorious question decided below was, which was the better title. Coupled with that, on this appeal, are certain questions of procedure.

The Court of Common Pleas, on cross-motions to strike out the complaint and the answer, held, in a careful opinion, that on the *ex parte* affidavits considered, it appeared that the chattel mortgage had not been recorded with the promptitude required by law, and hence was void against creditors of the mortgagor, of whom the defendant was one. Accordingly, that court struck out the complaint and awarded a summary judgment for defendant. Plaintiff then obtained a rule to show cause why the judgment should not be vacated, and judgment entered for the plaintiff. Depositions were taken and the rule argued, and later discharged. The appeal is from the judgment as originally entered. See *Knight* v. *Cape May Sand Co.*, 83 *N. J. L.* 597. That judgment was a summary one, entered on *ex parte* affidavits. By the defendant's affidavit in the present case, it appeared that the chattel mortgage had been executed, acknowledged, and the affidavit of consideration sworn to, at the office of the plaintiff company, about five blocks from the county court house, where chattel mortgages are recorded, on May 9th, 1933, but not recorded until three-twenty-nine P. M. of May 10th. The affidavit of Samuel D. Wiley for plaintiff states substantially the same facts. It contains no explanation whatever as to why a day elapsed before recording, when ten minutes should ordinarily have sufficed. This was pointed out in the opinion of Judge Lyon in the Common Pleas. He held, and as we conclude correctly, that this was not an "immediate" recording because not "as soon as might have been by reasonable dispatch under the circumstances of the case." The word "immediate" is attached to "delivery" in section 4 of the Chattel Mortgage act (*Comp. Stat., p.* 463), but by judicial construction has been applied also to the recording, which is the statutory alternative to immediate delivery and continued change of possession. *Roe* v. *Meding*, 53 *N. J. Eq.* 350 (at *pp.* 361, 368); *Brockhurst* v. *Cox*, 71 *Id.* 703, 706; *affirmed*, 72 *Id.* 950.

This disposes of the only legal question before us on the merits. It remains to consider certain procedural questions raised by appellant's brief.

The first is that, inasmuch as the defendant had filed an answer, it was too late for the court to entertain a motion for summary judgment.

The answer averred, among other things, that the chattel mortgage had not been forthwith recorded as required by law, and contained the following notice:

"Notice and Reservation

Take Notice, that the defendant reserves the right and hereby gives notice that he will at or before the trial of this cause, move to strike the complaint on the ground that the same sets forth no cause of action as against the defendant and on its face discloses that the said defendant as against the said plaintiff is entitled to the possession of the said trucks mentioned in the said complaint.

Harry Levin,
Attorney for Defendant."

Hard upon the answer and notice followed plaintiff's notice of motion to strike out the answer as sham, with annexed *ex parte* affidavits: to which defendant countered with notice of a motion to strike out the complaint as both insufficient in law and as sham: also with annexed affidavits.

In support of the proposition that a defendant after answering cannot move to strike out the complaint, appellant cites the cases in this court of *Great American Indemnity Co.* v. *Gronowicz*, 6 *N. J. Mis. R.* 821; 142 *Atl. Rep.* 897, and *Dunphey* v. *Weiner*, 7 *N. J. Mis. R.* 13; 143 *Atl. Rep.* 922. Both were decided by the late Mr. Justice Katzenbach, sitting alone for this court; and the second merely follows the first without discussion or comment save an expression of regret by the learned justice that he could not decide the case the other way. In both cases the plaintiff had replied, and thereafter endeavored to strike out the answer. What was decided in the first was that this motion was under the circumstances untimely in the Supreme Court, particularly as the case had been noticed for trial; but that it could be renewed at *nisi prius* when the case should be called. See foot

of page 823. In the case before us, not only is the original record in the Court of Common Pleas, coming here on appeal, but that record shows plaintiff's motion to strike out the answer, and defendant's counter-motion following it, addressed to the complaint. The decisions cited are not controlling. The two Chancery cases cited, *Tipton* v. *Randall,* 87 *N. J. Eq.* 387; 101 *Atl. Rep.* 204, and *Baird* v. *South Orange,* 108 *N. J. Eq.* 91, 112, are not in point, as they not only deal with equity practice, but in the first an answer had already been overruled before defendant attacked the bill, and in the second, the attack on the bill was first made months after it was filed, and apparently at final hearing. Moreover, the decree was reversed in 110 *Id.* 603, and apparently on fundamental grounds.

In *Stephens* v. *Commissioners of Palisade Interstate Park,* 93 *N. J. L.* 500, the procedural situation seems to have been similar to that before the Court of Common Pleas in the present case. Plaintiff sued for negligence in maintaining a pathway. Defendant answered that it was a public body and that the rule in *Freeholders* v. *Strader,* 18 *N. J. L.* 108, applied. This point was argued before the writer, sitting as a single justice for the Supreme Court, decided against the plaintiff, and judgment ordered for defendant. This was done "in advance of trial, pursuant to rule 40." The judgment was affirmed in the appellate court. The report does not state the condition of the record, but the indications point to a motion to strike out the answer (as in this case) and a decision upholding the answer as dispositive of the case. So here: the defendant pleaded undue delay in recording, and consequent invalidity of the chattel mortgage. This delay the court ascertained as a fact on the cross-motions, and held to be a complete defense. Judgment for defendant ensued as of course, as in the Stephens case. The striking out of the complaint was, under the circumstances, purely incidental. If it had not been struck out, the defendant was, on the admitted or undenied facts, entitled to judgment in advance of trial on the pleadings and affidavits.

Little more need be said. It is intimated that the Scott

affidavit is hearsay. Nothing of the kind appears on its face: and as we have pointed out, it is corroborated by the affidavit of Wiley, submitted on plaintiff's motion.

The other grounds of appeal, presented in the brief somewhat *pro forma,* are covered by what has been said above.

The judgment will be affirmed.