## EMERY *vs.* DOWNING.

A decree *pro confesso*, signed after the time for answering has expired, is
regular, though an order for further time to answer be signed and filed
on the same day with the signing of the decree.

And when the order for time is made without notice, though it be made to
appear affirmatively that the order was signed and filed prior to the
signing of the decree, the complainant will be entitled to the costs of
proceeding until he is served with a copy or with notice of the order.

A defendant coming in, without unnecessary delay, by motion or petition,
after a decree *pro confesso* regularly taken, will, upon any reasonable
ground of indulgence, be permitted to answer upon payment of costs.

But if it appear, upon an examination of the answer, that it contains no
valid ground of defence the decree will not be opened.

*J. M. Scovel,* for defendant, in support of motion.

*P. L. Voorhees,* for complainant.

THE CHANCELLOR. An ordinary foreclosure bill was
filed by the complainant in this cause on the 21st of
March, 1860. A subpœna was issued returnable on the
2d of April. The defendants being nonresidents, the
usual order for publication was made requiring the de-
fendants to appear and plead, answer or demur, to the
complainant's bill, on or before the fourth day of June.
On the 5th of June, no plea, answer, or demurrer having
been filed, and due proof of publication having been
made, the complainant obtained a decree *pro confesso*
against all the defendants and an order of reference to a
master. On the same 5th of June, Downing, one of the
defendants, having filed an appearance, obtained an order
for thirty days' time to answer. The motion was made
without notice to the adverse counsel, and was unsup-
ported by affidavits, but was granted as a motion of
course upon the statement of counsel. An answer was
filed by Downing within the time thus allowed. The
complainant, having no notice of the order for time to

answer, proceeded under his decree and order of reference, and on the 17th of June the master's report was filed, and a final decree in favor of the complainant signed. It does not appear whether the decree *pro confesso* or the order for time to answer was first signed.

The defendant now asks—

1. That the decree *pro confesso*, and all the subsequent proceedings under it, be set aside' and made void as irregular. And failing that motion, he asks—

2. That the decree be opened, and the defendant be permitted to defend under the answer filed in the cause.

The application is by motion upon notice sustained by affidavits.

1. The decree *pro confesso* is clearly regular. The time for answering expired on the fourth of June. The complainant was entitled to his decree at the earliest moment on the fifth. Until the contrary is shown, the presumption is that the decree was regularly signed. The defendant is asking to avoid it, and it is incumbent on him to show, if the fact be so, that the decree was signed after the order was obtained for time to answer.

2. The second reason relied on, if properly sustained, affords adequate grounds of relief, *viz.* that the defendant has a good defence, of which he has been deprived by mistake or misapprehension on his own part or on the part of his counsel. There is nothing in the objection, that the application can only be made by bill of review or by petition. The decree has not been registered. There is in fact no ground of review or of rehearing. There is no alleged error in the decree as it stands. There has been no hearing. · The bill was taken as confessed. The defendant simply seeks an opportunity of presenting a defence, which he has had no opportunity to make. By the practice of the court, the application may be either by petition properly verified or upon motion sustained by affidavit. The former mode is the more usual and formal, but either may be resorted to.

Emory *v.* Downing.

Where relief is granted upon this ground, it must be upon payment of costs, even though, under circumstances like the present, the order for time had been actually granted before the signing of the decree.

The motion for an order for time is strictly a special motion, and regularly should be heard only upon notice, and be sustained by affidavits or other proof. In practice however, as a matter of convenience, they are constantly granted without notice, and upon the mere allegation of counsel. The order in the present instance was so granted. No notice of the application was given, no proof was made, other than the mere allegation of counsel, that there was a defence, and that his engagements in another court had deprived him of the opportunity of preparing an answer. Such motions can only be regarded as motions of course, and must be considered as granted at the peril of the applicant. If without notice of such order the complainant proceeds with his cause he is regular in so doing, and though the proceeding be afterwards set aside he is entitled to his costs. In this cause, the complainant may be presumed to have been advised that no answer had been filed and no order made for an extension of time before the time for answering had expired. He was entitled, therefore, to his decree. His proceedings were strictly regular. If the defendant designed to arrest his proceeding, he was bound to serve him with a copy of the order for time. It would be manifestly inequitable to subject a complainant to the cost of a proceeding strictly regular, and adopted without notice of his adversary's order. Even though the order for time was signed before the decree, the party was entitled to the cost of his proceeding until duly advised of the order for time. 3 *Daniel's Ch. Pr.* 1789.

The defendant, coming in after a decree *pro confesso* regularly taken upon any reasonable ground of indulgence without unnecessary delay, will be permitted to answer upon payment of costs, though the court may require to

see the answer or to be informed of the nature of the defence. 1 *Daniel's Ch. Pr.* 576.

In the present case, the answer is on file. On examination, it is apparent that it contains no valid ground of defence whatever. If the truth of every fact alleged in the answer is admitted or established by evidence, it would constitute no defence to the complainant's right of recovery.

The motion must be denied.