### HARMON H. CREAMER v. NELSON H. DIKEMAN.

In an assessment of damages under judgment interlocutory by default,. the only matter that the plaintiff has to prove, or the defendant is permitted to controvert, is the amount of damages. The cause of action stated in the declaration, and the right to some damages in respect to it, are admitted by the default.

On writ of error to Hunterdon county Circuit Court.

Argued at November Term, 1876, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, DIXON and REED.

For the plaintiff, *W. D. Allen.*

For the defendant, *J. C. Allen.*

The opinion of the court was delivered by

SCUDDER, J.   In this case it appears that there was a judgment by default for want of a plea. The declaration contained the common counts, with a copy of a check and promissory note, upon which the action was brought. The defendant, therefore, had notice of the claim made against him, and voluntarily submitted to a judgment. He now desires to have the judgment vacated upon writ of error, because the proceedings for assessment of damages by the clerk, were irregular and illegal. The allegation is made that there was no proof of demand, refusal and notice of non-payment of the check, nor any proof of the amount due. In the first place, there is nothing legally before the court, upon the return to the writ of error, to show the facts on which the objection rests. The assessment of damages by the clerk, is not brought here by the writ of error *proprio vigore.* It is an outbranch of the record, and should be brought here, if required, by a writ of *certiorari.* But this is not the usual practice. The defendant might move in the Circuit Court to vacate the assessment,

or for a re-assessment, if there is any cause for so doing. This is the more convenient and better course.

There is, however, no substance in the objections made to this assessment and the judgment upon it, if they were properly before us. The fact of the presentment of a check for payment before action is brought, is one of the constituents of the right of action, and whatever is such is admitted by the failure to plead, and suffering interlocutory judgment by default. The cause of action is impliedly admitted by the default. The plaintiff below in this cause knew from the pleadings filed, the nature of the demand made against him, and if he were in any doubt, he could have demanded a bill of particulars. Having failed to do so, it was too late to call for proofs after the interlocutory judgment was entered against him.

In an assessment of damages upon writ of inquiry, or assessments made by the court or clerk, the only matter that the plaintiff has to prove, or the defendant is permitted to controvert, is the amount of damages. In this case the production of the check and note before the clerk, that he might see whether there were any credits, was sufficient, in the absence of any proof, on the part of the defendant, of mistake or excess. The cause of action stated in the declaration, and the right to some damages in respect to it, are admitted by the defendant in suffering judgment to pass against him by default. It was, therefore, not necessary, on the production of the check and note before the clerk, to prove the execution, presentment, notice, or whatever would have been essential, if the defendant had interposed a plea, made a defence, and the cause had been tried before the court. *Green* v. *Hearne*, 3 *T. R.* 301; *Lane* v. *Mullens*, 2 *Q. B.* 254; 1 *Tidd's Pr.* 580; 1 *Chitty's Arch. Pr.* 990, 1001, 1002, (*ed.* 1866); 1 *Burr. Pr.* 373, 375, 377.

The judgment of the Circuit Court is affirmed.