PETER T. McTAGUE v. PENNSYLVANIA AND NEW ENGLAND RAILROAD COMPANY.

1. An affidavit to a plea or demurrer put in by a corporation is insufficient if made by an attorney or agent in the suit, unless it shows that the officers of the company are absent.
2. It appearing in the case that the defendant was entitled to be heard on the merits, the proceedings were opened to let such defence in on the terms of letting the judgment and execution stand as security.

---

Motion to set aside a judgment.

Argued at November Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER and MAGIE.

McTague v. Pennsylvania and New England R. R. Co.

For the motion, *Edward T. Green.*

*Contra, John H. Fort.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This is an action of *assumpsit,* the declaration containing a special count and the common counts.   To these latter counts the defendant pleaded the general issue, and put in a demurrer to the special count.   Upon an application of the counsel of the plaintiff, one of the justices of this court granted an order setting aside this plea and demurrer, on the ground that they were sham pleas, and, therefore, judgment was entered and an execution issued.   The object of the present motion is to vacate this proceeding.

The affidavits which have been taken under this rule clearly establish the right of the defendant to a trial with respect to the merits of the controversy.   Nevertheless the proceedings should not be opened unless upon the equitable condition that the judgment and execution be allowed to stand as security to the plaintiff.   This result has been reached in consequence of the existence of a legal flaw in the affidavit accompanying the plea and demurrer.   The defect here referred to is the omission to show in this affidavit that such of the officers of the defendant as should primarily verify the *bona fides* of the act of putting in a defence, are absent.   The statute does not permit the attorney or agent in the action to take the affidavit unless in the absence of the defendant.   *Rev., p.* 866, *pl.* 114. When a corporation is defendant it should be shown, in order to validate an affidavit made by the attorney, that *its* officers are absent.   As the agent in the action is not generally possessed of any knowledge of the matters in litigation except what he derives from his principal, to allow his oath to be substituted for that of such principal when the latter is at hand, would, in substance, convert the statutory verification of these pleadings into a mere form.   For this insufficiency

it was formally correct to treat the plea and demurrer as nullities and to enter judgment over them.

If the defendant desire a trial on the merits, the proceedings will be so far opened, but no further. As already stated, the judgment, execution and proceedings already taken under it will stand as security to the plaintiff.