## GEORGE LENZ v. THOMAS J. ROWE.

### Argued November 8, 1900—Decided February 25, 1901.

Where from neglect, fault, error or mistake the attorney of a defendant has failed to file a plea and by reason thereof judgment by default has been entered against him, and injury or wrong has resulted to him therefrom, the judgment will be opened. *Gen. Stat.,* p. 2596, § 364.

In tort. On rule to show cause why the judgment entered in this cause should not be opened and the defendant given leave to plead or demur to the declaration filed therein.

Rule allowed in open court at the June Term, 1900, and returnable at the November Term, 1900, with leave to take affidavits.

Before Justices VAN SYCKEL and FORT.

For the rule, *John R. Hardin.*

*Contra, Copeland, Luce & Kipp.*

The opinion of the court was delivered by

FORT, J. Under the rule granted in this case depositions have been taken, and it appears by the same and the admissions of counsel in the record that the defendant was the market clerk of the city of Newark during the year 1899, and that on February 17th, 1899, he had some trouble with the plaintiff, and placed the plaintiff under arrest—the plaintiff being taken to the station house. It is for this arrest, which the defendant alleges was a false imprisonment, that the suit was brought. No plea was filed in the case, and judgment by default was entered against the defendant in regular course.

The depositions show that, after the summons was served and before the declaration was filed, the matter of the suit was brought to the attention of the market committee of the common council. That body directed the law department of the city to take such action as might be necessary to protect the city's interest and also defend any action brought against the defendant.

The defendant took the summons, when served, to the city attorney, and was told that a declaration would be served upon him, and when it was so served, to bring that to the law department. The assistant city attorney was directed to take charge of the matter by City Attorney Johnson and to file a plea. It was also suggested to the defendant that as it was a matter in which there might be a personal judgment, from which the city might not feel inclined to save him harmless, that he had better secure a personal counsel to act with the city law department. He spoke to John R. Hardin, upon the street, for this purpose, but did nothing further until after the judgment by default, supposing, as he said he had been told by the law department of the city, that he would be served with a declaration before any further proceedings after the summons.

Further reference to the facts are unnecessary. It is clear that the failure to file a plea in this case was due to no fault of the defendant, but was the result of misapprehension of the law department of the city, and their neglect, as his

attorney, to file a plea. This is clearly within the statute authorizing relief in such cases where the failure to file a plea is due to the neglect, fault, error or mistake of an attorney and injury or wrong had . resulted to the defendant therefrom. *Gen. Stat., p.* 2596, § 364.

The facts in this case, irrespective of the statute, make it the duty of the court to open the judgment to let the defendant in to plead.

A rule may be entered in this case opening the judgment by default, and allowing twenty days' time to the defendant to plead (not demur) to the plaintiff's declaration, and twenty days to the plaintiff after such plea shall be filed and served upon his attorney to file a replication thereto, and any further pleadings necessary in the cause shall be filed, each after the other, within twenty days from the filing thereof.

Let the judgment by default be vacated.