EMMA H. SCHWENK, EXECUTRIX OF THE ESTATE OF
JOHN G. SCHWENK, DECEASED, AND CHARLES E.
CALDWELL, COPARTNERS, TRADING AS SCHWENK &
CALDWELL, DEFENDANTS IN CERTIORARI, v. FILI-
MINO DeMAIO, PROSECUTOR.

Argued June 1, 1909—Decided November 8, 1909.

1. Affidavits taken to contradict the return of a justice of the
   peace, made to a writ of *certiorari* removing his judgment
   rendered in the Court for the Trial of Small Causes, are irregular.
2. To open a judgment rendered against the defendant, both sur-
   prise and merits must be shown.

On *certiorari.*

Before Justices REED, BERGEN and VOORHEES.

For the prosecutor, *Edwin F. Miller.*

For the defendants, *Herbert C. Bartlett.*

The opinion of the court was delivered by

VOORHEES, J.   The return to this writ of *certiorari* re-
moving a judgment in the Court for the Trial of Small
Causes rendered for the plaintiff, shows that the action was
brought for the recovery of a balance due on a book account,
for goods sold to the defendant.   The summons was return-
able December 10th, 1908.   It appears by the record that be-
fore the return day of the summons, by request of defendant's
counsel, the case was adjourned to December 15th, and that
on that date the respective attorneys of the plaintiff and de-
fendant appeared, but the defendant did not appear.   The
cause being moved, it was tried and judgment given.

The reasons for reversal are—*first,* that the justice had no
jurisdiction; *second,* that he had lost jurisdiction because
he had previously adjourned the cause until December 22d,
and proceeded to give judgment on December 15th.

The controversy in the case is, whether the justice adjourned the case to December 15th, as his record shows, or to December 22d. By rule the justice was called upon to certify to the facts regarding the adjournment. His return shows that "after some discussion, I stated I would make the date the following Monday, the 15th, and I made a pencil memorandum on the margin of the summons, 'adjourned till December 15th, 1908.'" After the justice's return to the rule had been made, an order to take depositions was granted, and under this, affidavits were taken to contradict the justice's return. Such proceeding is irregular. *Paterson, &c., Railroad Co.* v. *Ackerman, 4 Zab.* 535. The case of *Horner* v. *Conover, 2 Dutcher* 138, is not applicable, for that case was decided in 1856, before the enactment of the present statute concerning appeals from justices' courts. The old statute (*Nix. Dig.* 466, § 43) provided that no appeal would lie from judgments by default or by confession or in the absence of the defendant or where the trial did not take place in his presence. Our present statute grants an appeal in such cases except where the judgment is by confession. So, that, on the face of the record, the justice, at the time the judgment was rendered, had jurisdiction of the parties and of the subject-matter of the litigation. The justice having certified that he had made the adjournment to the 15th of December, and the rule to take affidavits being irregular to contradict such return, he did not lose jurisdiction. That being so, defendant's remedy is by appeal, not by *certiorari*.

The writ will be dismissed, with costs.