BROAD AND MARKET NATIONAL BANK, RESPONDENT,
v. LOUIS WEISEN, APPELLANT.

Argued February 19, 1924—Decided March 27, 1924.

The omission to make a formal assessment of damages in entering a default judgment on a promissory note will not work a reversal of the judgment when there was no defense to the suit, no error in the amount of the judgment, and defendant had waited until after execution, and levy on and sale of his real estate to an outside party before stirring in the matter.

On appeal from the Essex Circuit Court.

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the appellant, *Harry Castlebaum.*

For the respondent, *Charles H. Stewart.*

The opinion of the court was delivered by

PARKER, J. The fundamental error alleged is that, after interlocutory judgment by default against the defendant-appellant, final judgment was entered as on an assessment of damages in the usual course, when in fact such damages were not formally assessed as provided by law and the rules of

court. The judge of the Essex Circuit Court was asked to open the judgment and declined to do so, on grounds presently to be stated.

No question either of surprise or of merits is present in the the case. Appellant was the maker of a promissory note for $675 held in due course by the respondent bank. The note was not paid, and the bank brought this suit. The summons and complaint were duly served. The complaint contained a copy of the note. Defendant attempted to settle the suit by a payment on account and a new note, but it does not appear that the bank attorney (who seems also to have been appellant's attorney in other litigation) had power to make such settlement, and the bank never accepted either the money or the new note. For want of an answer, judgment interlocutory by default was entered on March 2d, a month after service of summons and complaint.

So far, the legality of the precedure is not questioned. But the rule as entered in the minutes goes on to say that "no rule for a writ of inquiry or assessment of damage in open court having been entered, and the clerk of the court having assessed the damage of the plaintiff as against the defendant pursuant to the statute, it is on this," &c., ordered that judgment final be entered, &c., in the sum of $675, "*with interest from January 15th, 1923. at six per cent.* and the costs of this suit to be taxed." The judgment record uses the same language, but the figures are: Damages, $675; costs, $42.84; total, $717.84.

The assessment of damages in cases of this kind is a somewhat perfunctory matter. It is provided for by sections 136 and 139 of the Practice act of 1903, but was made at common law independently of those provisions. *Peacock* v. *Haney,* 37 N. J. L. 179 (at *p.* 180) ; 1 *Tidd Prac.* (*9th ed.*) 570. Supreme Court rule 89 provides for the production of the original note, or proof of its loss. These regulations are plainly for the protection of a defendant against a dishonest judgment, and for the protection of the court against imposition. But there is no claim here of either fraud or imposition. The making of the note, and the amount due

thereon, are conceded, except as to the claim of $100 paid on account. Defendant defaulted, and properly so, as there was no defense. This was on March 2d. Execution issued on April 25th, and defendant did not move. Levy was made on his real estate, it was advertised, and on September 18th sold and a deed delivered to an assignee of the bid. Not until November 20th did defendant take any action. The Circuit Court considered his application and declined to open the judgment on the ground of laches, also holding that if there had been formal error it was harmless.

It is perfectly plain that if at any time between March 2d and April 25th the judgment final had been opened, plaintiff would have been entitled to re-enter it on going through the pure formality of an assessment of damages, for the interlocutory judgment was, as we have said, entirely regular. After April 25th a reopening would, perhaps, have lifted the execution. Sale having taken place in regular course, it is not likely that the rights of the purchaser at the sale would be affected if this judgment were now reversed. *Shultz* v. *Sanders,* 38 *N. J. Eq.* 154. But this appellant is in no position to invoke the aid of the court. He had no defense to the action; he allowed a default to go against him; he does not and cannot claim that the amount of the judgment is incorrect, except as to the $100 he paid the lawyer and which the court ordered returned to him; and he allowed the judgment to be enforced by sale of his property without protest. We agree with the Circuit Court that his attack on the judg-came too late, and we think, also, it was devoid of merit.

The judgment will be affirmed.