The bill of complaint prayed for an injunction, and was verified by affidavits and an exhibit annexed. On it an order was made requiring the defendant to show cause why an injunction should not issue according to the prayer of the bill, and, on its return, the defendant appearing in person but showing nothing to the contrary, the order to show cause was made absolute and defendant was therein restrained.
Now, counsel for the complainant moves for a final decree on the case made on the affidavits annexed to the bill. It will be granted. A decree pro confesso has already been entered. That decree might have contained an award of a permanent injunction, and thus have been a final decree.
The Chancery act (P.L. 1902 p. 510 § 23) provides that if the defendant does not answer, the bill shall be taken as confessed against him, and such decree made thereon as by the court shall be deemed equitable and just, or the chancellor may, at his discretion, order the complainant to produce documents and witnesses to substantiate and prove the allegations in the bill, or he may examine the complainant on oath or affirmation for the same purpose. Ordinarily, when a decree is taken pro confesso
against a defendant, an order for proofs is made, and this is generally included in the decree pro confesso. See the form inDick. Ch. Pr. (rev. ed.) 170. When an order for proofs is entered the solicitor of the complainant goes before any master in chancery, who takes the depositions and forwards them to the court with such exhibits as may be offered, but without any report.
Whenever, however, preliminary relief is granted on a bill or petition with affidavits annexed, and the defendant does not answer but defaults in pleading, a decree pro confesso against him may include a decree for the relief prayed in the bill or petition, or a final decree may be made thereafter, without the taking of further proofs. Chancellor Pitney adopted this practice, and I have followed it several times.
Final decree accordingly. *Page 35