PETER VIVIANO, BY HIS NEXT FRIEND, GAETANO VIVIANO, AND GAETANO VIVIANO, INDIVIDUALLY, PLANTIFFS, v. THE SERVICE BOTTLING WORKS, INCORPORATED, A CORPORATION, DEFENDANT.

Submitted January term, 1931—Decided January 28, 1932.

Before Justices CASE, DALY and DONGES.

For the rule, *Alexander M. Macleod* (*Minturn & Weinberger*, of counsel).

*Contra, Ward & McGinnis* and *Milton T. Richmond.*

PER CURIAM.

Plaintiffs recovered judgments against the defendant upon verdicts rendered at a trial in the Passaic Circuit at which the defendant was not present or represented by counsel; and this is an application under defendant's rule to show cause to set aside the judgments.

The action was brought on December 23d, 1929, to recover damages arising out of an automobile accident which occurred on August 19th, 1929. The defendant was insured by a policy of the Mayflower Fidelity and Casualty Insurance Company of Newark, and after the summons was served it was sent to that company, in accordance with the requirements of the policy, and an answer was filed in behalf of the defendant by Samuel M. Hollander, general attorney for the insurance company. Subsequently, the insurance company was adjudged bankrupt and receivers were appointed by the United States District Court in February, 1930. The attorney, who had filed the answer, forwarded the papers in the case to the attorneys for the receivers and also, on October 17th, 1930, notified the defendant by mail to secure other counsel and enclosed a substitution of attorney. Another attorney connected with the insurance company had written the defendant, immediately after the appointment of the receivers, advising it to secure other counsel. The attorney for the plaintiffs also, on August 15th, 1930, communicated with the defendant and advised it that its insurance carrier was in the hands of receivers.

The first and only request to the defendant to secure other counsel made to it by its attorney of record (the attorney provided under the terms of the policy to defend the interests of the insured and the insurance company) was the letter of October 17th, 1930, which was received by defendant October 20th, 1930. The officers of the corporation were

foreigners of slight education to whom a substitution of attorney most probably was meaningless. They delivered it to one Brumberg, the insurance broker, who had written the policy of casualty insurance in behalf of the defendant. The broker returned the substitution of attorney with a letter to defendant's attorney of record and it was by him delivered to the attorneys for the receivers. Neither this letter nor the substitution of attorney is shown in the state of the case.

The case was reached for trial on October 24th, 1930. No one appeared for the defendant and the plaintiffs secured judgments totaling $8,500—$7,500 to Peter Viviano, the infant plaintiff, for personal injuries, and $1,000 to his father, Gaetano Viviano, the other plaintiff; and these amounts in face of the fact that it is not denied by the attorney of the plaintiffs that he had endeavored to settle both claims for $2,700.

The defendant shows it has a defense to the action on the merits of the case. It is quite evident that due to lack of knowledge of our language and law upon the part of the officers of defendant corporation; their reliance that Brumberg, the insurance broker would effectively take care of their interests, and the confusion flowing from the receivership and change of attorneys, defendant's rights were neglected through no fault with which it should be conclusively charged, and that defendant was taken by surprise by the judgments entered against it.

Execution was issued upon said judgments and a levy made thereunder upon certain trucks owned by defendant, which levy was continued under the terms of the rule to show cause.

The judgments should be set aside and a new trial be granted upon terms that the lien of the judgments continue under said levy as security towards the payment of any judgments which may be secured by the plaintiffs as the result of the new trial; that the defendant appear and defend upon twenty days' notice of the time fixed by the court for the new trial, irrespective of the place on the court calendar which the action might otherwise have; and that defendant pay to plaintiff's attorney the costs upon this action up to the present

time, and upon this rule, as the same shall be taxed by the clerk, within ten days after the service of notice of the time fixed by the court for the new trial.

Under the terms stated, the rule will be made absolute.