RICHARD J. SOMERS AND EMILY S. SOMERS, PLAINTIFFS-RESPONDENTS, v. ALBERT HOLMES AND OSCAR A. SCHIERSTEAD, DEFENDANTS-PROSECUTORS.

Submitted October 12, 1934—Decided March 12, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiffs-respondents, *Clarence L. Cole.*

For the defendants-prosecutors, *Walter Hanstein.*

The opinion of the court was delivered by

CASE, J. This is the return of a rule to show cause, allowed on the day of its asking, August 18th, 1934, why a judgment on bond and warrant entered February 6th, 1930, for the deficiency under a foreclosure decree, should not be opened to allow the interposition of a defense.

Richard S. Somers and his wife had, on April 8th, 1926, sold and conveyed to prosecutors a tract of land in the borough of Linwood and county of Atlantic, taking back a mortgage of even date for the sum of $20,000, payable five years thereafter, and prosecutors' bond and warrant in support thereof. There followed several switches, either actual or contractual, in the title terminating in the conveyance on June 7th, 1928, to the Lyndale Corporation, over which the prosecutors exercised some measure of control. At about that time the prosecutors approached Somers, then seventy-six years of age, with a rather complicated proposition, the terms of which need not be here detailed further than to say that they included the cancellation of the prosecutors' bond and mortgage, the delivery to Somers of a new mortgage on the lands made by the Lyndale Corporation and of a further mortgage by one Bauerle. There was a day appointed for the transaction to take place, and Somers attended, apparently with the intention of carrying through; but things did not go to his liking. The Bauerle mortgage was not there. The Lyndale mortgage description was so drawn as to omit a thirteen-acre tract which, admittedly, should have been included. Matters were not in shape to close. The parties separated and did not thereafter reassemble, for Somers became suspicious, took legal counsel and determined not to proceed. Prosecutors say that there had been an oral contract obligating Somers to perform; Somers says not, that he had merely engaged in conversations looking toward a contract; and it is essentially this controversy that prosecutors wish to try out in their belated effort to present a defense to the law action. For when the mortgage became due, Somers foreclosed and, having completed the foreclosure proceedings with a de-

ficiency on the mortgage decree, he entered the judgment now in question. But that was a long time ago. Through the years prosecutors have harassed Somers with losing litigation. Before the judgment was entered the prosecutors filed a bill in Chancery in an unsuccessful attempt to restrain proceedings on the bond. Thereafter, on February 13th, 1930, prosecutors filed a new bill in Chancery seeking to enjoin Somers from issuing execution on the law judgment and to compel the bond to be delivered up for cancellation. That litigation was thoroughly fought out, and the meritorious questions sought to be raised now were litigated then and decided by Chancery adversely to the prosecutors. The bill was dismissed on June 16th, 1932, following an opinion by the late Vice-Chancellor Ingersoll wherein it was said: "It is manifest that no completed agreement has ever existed between the parties. The defendants were justified in withdrawing after two separate attempts were made to complete a contract which would meet the minds of all of the parties. This was never done." Prosecutors appealed from the decree on August 10th, 1932, but the appeal was not brought on for argument until October, 1933. The Court of Errors and Appeals sustained the dismissal of the bill, holding, however (*Schierstead et al.* v. *Somers et al.*, 115 *N. J. Eq.* 140), that "while the bill in this case may perhaps have been properly dismissed on meritorious grounds, it should have been dismissed for want of jurisdiction." The *remittitur* went down February 13th, 1934. Prosecutors allowed more than six months to elapse thereafter before suing out the present rule.

The general rule is that after the term in which a judgment was regularly perfected, the court cannot either alter or disturb the judgment. *Bronson* v. *Schulten,* 104 *U. S.* 411; 26 *Law Ed.* 797; *State* v. *Tolla,* 73 *N. J. L.* 249. That rule was broadened by *Assets Development Co.* v. *Wall, infra,* and is subject to exceptions, one of which is the instance of a judgment entered upon bond and warrant of attorney (*Alderman* v. *Diament,* 7 *Id.* 197), but it is to be expected that a party will embrace the first opportunity to present

his application, and it is settled that by the common law an application to open a judgment regularly entered is addressed wholly to the discretion of the court in which it was rendered (*Assets Development Co.* v. *Wall,* 97 *Id.* 468; *Smith* v. *Livesey,* 67 *Id.* 269). As was said by Chief Justice Hornblower in *Silvers* v. *Reynolds,* 18 *Id.* 238 (cited by Mr. Justice Dixon for the Court of Errors and Appeals in *Smith* v. *Livesey, supra*), judicial control over a judgment is "of a discretionary and equitable character." The subject-matter of the Silvers *v.* Reynolds case was a judgment entered by confession on warrant of attorney.

We think that the prosecutors of the rule are not entitled at this late day and under the circumstances of the case to have the matter turn upon a close analysis and nice appraisal of the merits.

Our conclusion is that the rule should be discharged; not merely because of the four or five years consumed by the prosecutors partly in waging a contest in a mistaken field and partly in idling, but also because the protracted litigation already had, the record of which, with the testimony, is before us, does not leave us in sufficient doubt on the merits to justify the granting of the relief sought.

The rule to show cause will be discharged, with costs.