ANNA McCARTHY, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF FRED McCARTHY, DECEASED, PLAINTIFF, v. DONALD J. GUIRE AND GUS L. COLBIE, DEFENDANTS.

Submitted May term, 1936—Decided July 25, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff, *Quinn, Parsons & Doremus* (*Theodore Parsons*, of counsel).

For the defendant Gus L. Colbie, *Applegate, Stevens, Foster & Reussille*.

The opinion of the court was delivered by

PERSKIE, J. It is the settled law of our state that before a judgment by default regularly entered will be opened for the purpose of interposing a defense, the one seeking to invoke the aid of the court must show surprise and merit. *Schwenk* v. *DeMaio,* 79 *N. J. L.* 189; 74 *Atl. Rep.* 267; *Lavino & Co.* v. *National Surety Co.,* 104 *N. J. L.* 475; 141 *Atl. Rep.* 663; *Hanover Trust Co.* v. *Rizzo,* 110 *N. J. L.* 581, 582; 166 *Atl. Rep.* 326. Does defendant's proof show surprise and merit? We recur to the facts.

On June 1st, 1933, plaintiff's intestate, while riding as a passenger in the automobile of one Donald J. Guire, one of the defendants, was involved in an accident with a car driven by Gus L. Colbie, the other defendant. "And sudden death" ensued.

Anna McCarthy, widow of the deceased, as administratrix *ad prosequendum* of his estate, caused suit to be instituted on July 17th, 1933, against both defendants. The jury returned a verdict in favor of the defendant Guire and a judgment was entered thereon. In behalf of the defendant Colbie an answer was filed on August 25th, 1933, by Mr. Abraham J. Isserman, an attorney-at-law. The record discloses, and stands uncontradicted, that on December 4th, 1934, plaintiff's attorney (Mr. Parsons) notified Isserman that this cause was on the call for December 6th, 1934, and that it would be tried on that day. It was, in fact, tried on December 7th, 1934. Neither Colbie or his attorney appeared at the trial.

*First: The element of surprise.* The proofs disclose that defendant was served with summons and complaint on or about July 18th, 1933, by registered mail through the office of the commissioner of motor vehicles. On July 25th, 1933, defendant engaged Mr. Isserman to defend the suit. Defendant says that he personally interviewed witnesses, obtained a survey of the site of the accident, procured photographs, and in a general way collected the evidence to be used at his trial. Although the venue was laid in Monmouth county and the case was tried in Freehold, New Jersey, defendant made several trips to the clerk of the Supreme Court, at Trenton, inquiring as to the probable date of the trial. Notwithstanding these efforts, defendant persists that the first notice he had of the entry of the judgment against him was upon his being advised by the commissioner of motor vehicles of that fact on February 5th, 1935. He thereafter consulted New York counsel, who in turn apparently enlisted the services of another New Jersey attorney, Mr. Weiser. No proceedings, however, to open the judgment were instituted until May 29th, 1935, when his present counsel was retained.

Surely, it cannot be said that defendant was guilty of laches, indifference or inertia. *Hanover Trust Co.* v. *Rizzo, supra.* On the contrary, he appears to have exercised considerable effort, much of which was, perhaps, misdirected, in preparing for trial. Isserman did not explain to the court below nor does he now explain his failure to appear at the trial. It is true that defendant says that he was not satisfied with the manner in which his defense was being prepared, but it is also true that there was either a misunderstanding or controversy as to the payment of his counsel's fees. Be that as it may, it is argued for defendant that he had a right to rely on Isserman. We are not, on the tenuous record submitted, to be understood as intimating any opinion on that argument. The fact, however, remains that defendant was not in court nor was he represented by his attorney of record.

Obviously, there can be no fixed formula by which the necessary element of surprise may be measured in every case. The extenuating factors of each particular situation must be the ultimate determinants. We think that the proofs show the element of surprise.

*Second: As to the merits.* If defendant Colbie's version of the accident be true, and there is evidence to support it, then defendant Guire alone was responsible for the resultant damages. There is proof that Guire's car crashed into Colbie's car; that Guire was driving at a rate of speed between fifty and fifty-five miles an hour and continued at that rate of speed until the time of the accident; that he paid no heed to a stop sign on the highway from which he emerged. For defendant Colbie it is urged that he did not travel over thirty miles an hour. The testimony of one Robert M. Steel, who traveled in the second car to the rear of Colbie, is to that effect. At all events, it appears to us that, as to the parties here, there is a clear issue for the jury both as to negligence and contributory negligence. We think that the proofs also show the element of merit.

The judgment is opened and set aside, and defendant Colbie is allowed to defend. Costs to abide the event.