HENRY W. JARRETT, PLAINTIFF, v. STANDARD DIESEL ENGINE COMPANY, INC., A CORPORATION OF DELAWARE, AND BENJAMIN C. SMITH, DEFENDANTS.

Submitted January 9, 1940—Decided May 2, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff, *Slingland, Houman & Bernstein* (*Maurice Bernstein,* of counsel).

For the defendant Benjamin C. Smith, *Quinn & Doremus* (*John J. Quinn,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.  This is the return of a rule to show cause obtained for the purpose of setting aside a judgment taken by default by the plaintiff herein, which judgment was taken after counsel for the defendant Smith had filed his answer to the amended complaint four days out of time.

It appears from the depositions that the defense of Benjamin C. Smith, a co-defendant in this suit (hereinafter called defendant) was being personally handled by Thomas P. Doremus, a member of the firm of Quinn & Doremus. Originally a complaint issued and was duly served upon Smith, and after demands for various bills of particulars, together with various other motions, such as motions to inspect books and documents, an amended complaint was forwarded by mail to defendant's attorneys on the 14th day of October, 1938, together with a letter requesting that service be acknowledged by Smith's attorney.  Service of same was not acknowledged until December 13th, 1938.

The answer to the amended complaint was due on or before January 3d, 1939.  The answer was actually sent to the plaintiff's attorney by mail on January 7th, 1939, four days late.  The plaintiff's attorneys refused to consent to the filing of such answer as of time and returned the answer on Feb-

ruary 17th, 1939, without informing Smith's attorney that prior thereto, on February 10th, they had entered a judgment by default.

The reason for the delay in answering the amended complaint was the carelessness and neglect of Mr. Doremus, Smith's attorney, and it is Smith's contention that he has a meritorious defense to this action and should be permitted to file an answering pleading, and for that purpose the default judgment should be vacated and set aside.

Now *R. S.* 2:27-115 declares: "If, in any action, judgment shall pass against either party by reason of the failure of the attorney of such party to file any proper pleading, the court or a judge shall, on application within one year after the entry of such judgment, open such judgment and permit a proper pleading to be filed upon terms, if, in the opinion of the court or judge, injury or wrong has resulted or may result from such failure."

We believe that the facts in the present case bring it squarely within that statute and within the line of cases under the statute which permit the opening of the judgment entered against defendant to give him an opportunity to plead.

It is frankly admitted and the depositions clearly show that it was the fault or neglect of Mr. Doremus which caused the answer to be filed out of time. The testimony indicates that he was ill and away from the office from the time the amended complaint was sent to his office until the time the answer was actually filed; and further shows that he had neglected to put in the office diary the date when answer was due which, if it had been done, would probably have resulted in the matter being attended to by his office associates.

Nor was his neglect to be attributed to his client Smith in so far as the filing of the answer is concerned. Smith had done as much as the average layman would do when he was originally served with the summons, by taking it to his attorney and leaving the matter in his hands. The time for answering amended complaints, bills of particulars, preparation of motions for argument thereon, and the like, all of which followed in this case, were nothing which he should be charged with checking on personally. He had reposed trust

and confidence in his attorney to handle the matter according to law for him, such as an average client would do, and therefore should not be penalized by being prevented from interposing a defense to the claim made against him because of such neglect and failure of diligence on the part of his counsel.

Now the pertinent rule is that where a motion is made in the Supreme Court to open one of its judgments regularly taken by default, such motion, if made, as here, within one year after the entry of such judgment, is addressed to the discretion of the court; and when it reasonably appears that such default judgment resulted solely from the neglect of the attorney of the defendant to file an answer within time, and when injury or wrong has resulted or may result to the defendant therefrom, the judgment will be opened to permit a proper pleading to be filed. *R. S.* 2:27-115; *Lenz* v. *Rowe,* 66 *N. J. L.* 131; *Smith* v. *Livesey,* 67 *Id.* 269.

We believe that the depositions reasonably tend to show that defendant Smith has a meritorious defense to the action which he is entitled to submit to the jury for their determination.

The judgment will be opened to permit a proper pleading to be filed, upon payment by the defendant to the plaintiff of the latter's taxed costs on this motion.