This matter came before me on a motion to vacate the judgment heretofore entered on November 26, 1948 for the purpose of permitting the defendant to interpose an answer and counterclaim. *Page 267 
The complaint was filed by the purchaser from a conditional vendee who sought injunctive relief against the conditional vendor from interfering with the business of the plaintiff and from repossessing a dining car and its contents.
Upon the filing of the complaint, Vice Chancellor Bigelow advised an order to show cause returnable on August 23, 1948. On that day, the defendant appeared in the action (probably by solicitor) and filed answering affidavits. As a result, the defendant was restrained, pendente lite.
On August 20, 1948, according to the affidavit of the plaintiff's attorney, the defendant was served with subpoena. Thereafter, on November 26, 1948, a judgment by default for failure to plead was entered by the plaintiff after the defendant's default had been entered by the clerk on November 23, 1948.
Since the entry of the default judgment was based upon the defendant's failure to plead rather than upon her failure to appear, she was entitled to three days notice prior to the hearing of the application for judgment by default. See, Rule
3:55-2(b). Such notice was not given by the plaintiff to the defendant.
Defendant did appear in the action on August 23, 1948 upon the return of the order to show cause and was, therefore, entitled to notice in accordance with the above rule.
In view of the foregoing, I am of the opinion that the judgment by default should be set aside and the defendant should be permitted to file her answer and counterclaim. See, Rule
3:60-2. *Page 268