22 N.J. Super. 336 (1952)
92 A.2d 77
MARGUERITE B. LORANGER AND ELI J. LORANGER, PLAINTIFFS-RESPONDENTS,
v.
MARTY ALBAN AND BERNARD F. LEWIS, INDIVIDUALLY AND AS COPARTNERS, T/A ALBAN LEWIS, DEFENDANTS, AND JACK W. APGAR, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1952.
Decided October 28, 1952.
*338 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Martin Gelber argued the cause for the appellant.
Mr. Robert R. Daly argued the cause for the respondents (Messrs. Daly, Hillis & McCormick, attorneys).
The opinion of the court was delivered by GOLDMANN, J.A.D.
Defendant Apgar appeals from a final judgment in plaintiffs' favor entered in the Law Division of this court on February 9, 1952, and also from the order of the Law Division entered March 7, 1952 dismissing his motion to vacate and set aside the judgment as void.
Plaintiff Marguerite B. Loranger sued to recover for injuries suffered when she fell into the unguarded cellar door opening of a building owned by Apgar and in the possession of defendants Alban and Lewis, tenants under a lease from Apgar. Her husband sued per quod. Apgar was served June 1, 1951. He delivered the summons and complaint to the tenants because they had by their lease agreed to provide public liability insurance coverage for the demised premises. They gave the papers to their insurance agent and he, in turn, mailed them to the insurance carrier on June 12, 1952. The next day Sanderson & Engel, Esqs. served plaintiffs' attorney with the answer of the "defendants," the pleading being signed by them as "attorney for defendants." The same firm prepared and served interrogatories on plaintiffs' attorney on June 22, answers being demanded on behalf of the "defendants," without limitation or further description of that term. Alban and Lewis were respectively served on July 2 and 3, 1951.
*339 The pretrial conference was held January 21, 1952 and resulted in an order which recited:
"* * * no answer has been filed on his [Apgar's] behalf; that while the answer filed herein appears to be on behalf of all defendants it was intended to be filed only on behalf of the defendants Alban and Lewis. It is thereby stipulated that the within action insofar as Marty Alban and Bernard F. Lewis, individually and as copartners trading as Alban-Lewis, be and the same is hereby discontinued, without prejudice to either the plaintiff or these defendants and since it appears that the defendant Jack W. Apgar has not filed an answer nor taken any other action herein judgment interlocutory and proof of damages will be entered and submitted by the plaintiff on February 6, 1952.
It is further stipulated that the answer filed herein insofar as it includes Jack W. Apgar be and the same is hereby amended to exclude said Jack W. Apgar."
The order was signed by plaintiffs' attorney and by Sanderson & Engel, below whose name appears "Attorneys for Defendants, Alban & Lewis, ind. and t/a co-partners, Alban-Lewis."
There was a jury trial on February 7, 1952 to assess damages. The record shows there was no appearance for defendants. The jury returned a verdict of $500 for each of the plaintiffs "against defendants," and the judgment entered the same day was against all the defendants in the amounts indicated. Just how it came about that the verdict and judgment were against all the defendants despite the pretrial order stipulation that the action was being discontinued without prejudice as to Alban and Lewis, is not explained.
On the day judgment was entered, plaintiffs' attorney wrote Apgar advising him of the entry of judgment and requesting payment. A second letter was sent February 13, 1952. Two days later Apgar served notice of motion to vacate and set aside the judgment as void. Attached to the notice was his affidavit in support of the motion in which Apgar states that when he gave the summons and complaint to his tenants they said they would turn them over to their insurance agent; that he learned of the judgment for the *340 first time when he received the February 7 letter of plaintiffs' attorney, and that up to that time he was "completely unaware that my interest was not being protected." The affidavit further states that Apgar has a "meritorious and sufficient" defense to the action and never intended to allow judgment by default to be entered against him. The Law Division judge denied the motion to vacate by order entered on March 7, 1952. This appeal followed.
In analyzing what happened in this case, not the least strange of the attendant circumstances is the pretrial conference and order. It is impossible to reconstruct just what happened at the pretrial, for all we have available is the argument on the motion to vacate, held before the same judge who conducted the pretrial conference. Plaintiffs' attorney gives his version of what was said at that time, but we do not have Sanderson & Engel's version despite plaintiffs' attempt to obtain their affidavit, and defendant is now represented by counsel of his own choice.
One thing is clear  as a result of the amendment to the answer which the court permitted to be made at the pretrial, apparently under the broad power granted by Rule 3:15-1, there was no longer an answer by Apgar on file. Less clear is the status of Sanderson & Engel. By their signature to the pretrial order it would appear that they considered themselves attorneys for defendants Alban and Lewis only. However, there is nothing in the pretrial order or in the record to show just how and by what right they withdrew from the case. Having filed an answer and served interrogatories on behalf of all the defendants, they could not step out of the case without Apgar's permission, or at least the permission of the court, properly obtained. Had Sanderson & Engel suggested at pretrial that they were withdrawing their representation of Apgar, the court undoubtedly would have seen to it that he was properly protected. Certain it is that Apgar was never informed by Sanderson & Engel or by anyone else that he was no longer represented, nor did he learn of this in any other way.
*341 Apgar having appeared in this case, the requirements of Rule 3:55-2(b) had to be observed. W & E Corporation v. Vernicek, 2 N.J. Super. 266 (Ch. Div. 1949). Cf. City of Linden v. Gleffi, 6 N.J. 246 (1951). The rule provides that
"* * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."
No notice was given in this case. It is clear from the colloquy between court and counsel at the time of the argument on the motion to vacate the judgment, that both the judge and plaintiffs' attorney considered that Apgar had appeared in the cause at the time of the pretrial conference. The court at pretrial obviously believed that Apgar was entitled to some notice, and considered that postponing "judgment interlocutory and proof of damages" until February 6, 1952 would provide such notice. Plaintiffs' attorney insists that this provision in the pretrial order was sufficient notice. It was not.
The postponement in taking judgment by default was part of the stipulation entered into between Sanderson & Engel and plaintiffs' attorney. Sanderson & Engel could not so stipulate when, seemingly, they no longer considered themselves as representing Apgar. The pretrial order entered in this action cannot in the circumstances serve the office of the notice required under Rule 3:55-2(b). If, as plaintiffs contend, it was notice, it never came to Apgar's attention  certainly not through Sanderson & Engel. Cf. Bass v. Hoagland, 172 F.2d 205, 210 (5 Cir., 1949), certiorari denied 338 U.S. 816, 70 S.Ct. 57, 70 L.Ed. 494.
There is another reason why the Law Division should have vacated the judgment, and that reason appears in Rule 3:60-2 which provides that:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order *342 or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *. The motion shall be made within a reasonable time, and for reasons (1) * * * not more than one year after the judgment, order or proceeding was entered or taken. * * *"
The rule reflects a long-existent practice and modernizes it. Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27 (App. Div. 1951). The courts of this State have always possessed an inherent power to vacate their judgments. The method of attack, replacing the ancient writ of error coram nobis or coram vobis, was by summary motion to vacate the judgment. Such an application was addressed to the sound discretion of the court in which the judgment was entered. The proceeding was of an equitable nature. Somers v. Holmes, 114 N.J.L. 497, 500 (Sup. Ct. 1935); LaBell v. Quasdorf, 116 N.J.L. 368, 372 (Sup. Ct. 1936). Long before the institution of our new system of courts, it was held that great liberality should be allowed in opening a judgment which went by default (see Carpenter v. Muchmore, 15 N.J. Eq. 123, 124 (Ch. 1862)), and any reasonable ground for indulgence would be tolerated (see, for example, Emery v. Downing, 13 N.J. Eq. 59 (Ch. 1860) and Day v. Allaire, 31 N.J. Eq. 303 (E. & A. 1879)). However, in such cases the moving party was required to show a meritorious case (cf. Haines v. Seabrook Farms Co., 99 N.J.L. 273 (E. & A. 1923); Etz v. Weinmann, 106 N.J. Eq. 209 (Ch. 1930); Hanover Trust Co. v. Rizzo, 110 N.J.L. 581 (Sup. Ct. 1933)). These principles of law remain unchanged by Rule 3:60-2, which was taken from Federal Rule 60(b). As was said in Huntington Cab Co. v. American Fidelity & Casualty Co., 4 F.R.D. 496, 498 (D.C.W. Va. 1945), federal courts "have given this rule [Federal Rule 60(b)] a liberal construction, always trying, where possible, to see that cases are decided on their merits. Any doubt should be resolved in favor of the application to set aside the judgment to the end of securing a trial upon the merits."
*343 Illustrative of the liberal policy followed by our courts in vacating judgments where there has been surprise or excusable neglect and there is a meritorious defense are Lenz v. Rowe, 66 N.J.L. 131 (Sup. Ct. 1901); Viviano v. Service Bottling Works, Inc., 10 N.J. Misc. 187, 158 A. 395 (Sup. Ct. 1932); McCarthy v. Guire, 14 N.J. Misc. 795, 187 A. 739 (Sup. Ct. 1936), where it was said:
"Obviously, there can be no fixed formula by which the necessary element of surprise may be measured in every case. The extenuating factors of each particular situation must be the ultimate determinants. * * *"
and Jarrett v. Standard Diesel Engine Co., Inc., 124 N.J.L. 429 (Sup. Ct. 1940). The Huntington Cab Co. case, above; Standard Grate Bar Co. v. Defense Plant Corp., 3 F.R.D. 371 (D.C. Pa. 1944), and Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3 Cir., 1951) are representative of the policy in the federal jurisdiction under Federal Rule 60(b).
In a case like this equitable principles predominate as a guide in determining in the particular circumstances whether justice and equity require that relief be granted. There can be no question that there was surprise or excusable neglect here. Had Apgar at any time in the seven months intervening between the filing of the answer and the pretrial conference inquired as to whether his interests were being represented he would have found that an answer had been filed and interrogatories served on his behalf, and the case was awaiting pretrial. He had no warning that he would be left without representation at the pretrial conference, or notice that a default judgment was in prospect as a result of the pretrial order. He acted as a reasonable and prudent man would in the circumstances in anticipating that his position would be properly defended. As soon as he learned that a judgment had been entered against him, he promptly took the necessary steps to have the judgment set aside.
It reasonably appears that defendant has a meritorious defense to the action which he is entitled to submit to a *344 jury for determination. There appears to be no dispute that Apgar, although owner of the premises in question, was not in possession or control. Not only was this representation made on his behalf at the argument on the motion to vacate the judgment, but his affidavit filed in support of the motion set out the facts. And the complaint itself states that Alban and Lewis were in possession of the building on the day of plaintiff's accident.
The judgment below was void for failure to comply with Rule 3:55-2(b). The action of the trial judge in not granting the motion to vacate and set aside the judgment was an abuse of discretion. The default judgment taken against Apgar will be vacated and set aside.