33 N.J. Super. 69 (1954)
109 A.2d 449
HUGH REILLY, GENERAL ADMINISTRATOR, AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF EDWARD JAMES REILLY, DECEASED, PLAINTIFF-RESPONDENT,
v.
GEORGE PEREHINYS, CATHERINE PEREHINYS, HIS WIFE, AND ROBERT PEREHINYS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1954.
Decided November 12, 1954.
*71 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Theodore G. Fitzgeorge argued the cause for plaintiff-respondent.
Mr. George Warren argued the cause for defendants-appellants (Messrs. Herr & Fisher, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Defendants appeal from a refusal to set aside a judgment for $5,350 taken against them by default in a death action. They claim: first, that this judgment *72 was entered without any proof as to the matter of liability; second, that notice was not given them as required by R.R. 4:56-2(c); and third, that under the circumstances herein related and by force of R.R. 4:62-2(a), relief should have been granted from the judgment.
R.R. 4:56-2(b) does not dispose of the first question  namely, whether proofs should be taken on the issue of liability. The rule  it deals with a default for failure to plead in the case of an unliquidated claim (and that is the situation here)  goes no further than to authorize hearings "if * * * it is necessary" to establish the truth of any averment by evidence. Cf. Klapprott v. United States, 335 U.S. 601, 611, 624, 69 S.Ct. 384, 93 L.Ed. 266 (1949); United States v. Borchers, 163 F.2d 347 (C.C.A. 2 1947). Nor, if you read it literally, is R.R. 4:8-4 determinative of the point. The provision there, that averments in a complaint are admitted when not denied in "the answer," has to do only with the effect of a nondenial where there is an answer. But cf. Spencer v. Fairclough, 137 N.J.L. 379, 382 (E. & A. 1948) and former Supreme Court Rule 34 (1938); Martin v. Morales, 102 N.J. Eq. 535, 539 (E. & A. 1928) and former Chancery Rule 50 (1938).
The matter has been left to practice. At law, unfortunately, the practice over the years has not been uniform. My colleagues, Judges Jayne and Francis, each, when hearing legal actions, made it a practice, if there appeared to him to be any question as to liability, to take some proof of the matter, and then  upon satisfying himself thereon  to submit to the jury only the question of damages. See, too, 2A Waltzinger, N.J. Practice 42 (1954). Other judges, however, have entertained no proof concerning liability. See 1 Bradner, N.J. Law Practice § 243 (1940); White v. Hunt, 6 N.J.L. 330, 331 (Sup. Ct. 1796); cf. Creamer v. Dikeman, 39 N.J.L. 195 (Sup. Ct. 1877) and Broad and Market National Bank v. Weisen, 99 N.J.L. 331, 332 (Sup. Ct. 1924), dealing with negotiable instruments.
*73 In equity the practice generally, subject to exceptions, has been to call for evidence to support the allegations of the bill or complaint. Perrine v. Hafeman, 100 N.J. Eq. 33 (Ch. 1926); Smith v. Howell, 11 N.J. Eq. 349, 352 (Ch. 1857); Dickinson's Chancery Precedents (Rev. Ed. 1894). 35, 170; but cf. Martin v. Morales, 102 N.J. Eq. 535, 539 (E. & A. 1928), supra; N.J.S.A. 2:29-45, repealed; Chancery Rule 199 (1938).
It might be well to observe that we are not dealing with liquidated claims, nor with the matter of damages. Nor with a defendant, who files an answer, but fails to appear at the trial. 49 C.J.S., Judgments, § 198, p. 343; Rules, English Supreme Court of Judicature, Order 36, Rule 31; cf. N.J.S.A. 2:29-49, repealed. Nor with the County district court practice. R.R. 7:9-2; 17 N.J. Practice (Fulop, District and Municipal Courts) 452; cf. N.J.S.A. 2:32-118, repealed. See, too, Torrence v. Van Emburg, 2 N.J.L. 98 [[*]106] (Sup. Ct. 1806) and Cooper v. Mullin, 2 N.J.L. 98 [[*]107] (Sup. Ct. 1806), dealing with the small cause court.
It is true that under the general rule obtaining in most jurisdictions upon a default in pleading, whether in equity or at law, proof of the allegations of the complaint will not be entertained. Young v. Thomas (1892) 2 Ch. 134, 137 (C.A.); Green v. Hearne, 3 T.R. 301, 100 Eng. Rep. 587 (K.B. 1789); 1 Tidd's Practice (4th Am. ed. 1856), [*]580, 581; Thomson v. Wooster, 114 U.S. 104, 110, 5 S.Ct. 788, 29 L.Ed. 105 (Bradley, J. 1885); Sheehy v. Mandeville, 7 Cranch, 208, 11 U.S. 208, 218, 3 L.Ed. 317 (Marshall, C.J. 1812); 49 C.J.S., Judgments, § 212, p. 374; 31 Am. Jur. 517.
But we think the New Jersey practice better  the practice leaving to the discretion of the trial court, in equity or at law, whether or not to take proofs as to the plaintiff's right to relief. Martin v. Morales, 102 N.J. Eq. 535, 539 (E. & A. 1928), supra; Streeton v. Roehm, 83 Ohio App. 148, 81 N.E.2d 133 (Ct. App. 1948). This comports with the *74 principle entrusting generally to the trial court's discretion the whole matter, whether or not to enter a judgment by default. 6 Moore's Federal Practice (2nd ed.), § 55.05 [2].
Perhaps too little consideration has been had in legal actions as to the reasons why the law has deposited with the court this discretion as to whether or not to take such proofs. Indeed we may say further  without by any means determining in what situations, if any, the lack of proofs will lead to an avoidance of a default judgment  that there are circumstances which have an especial call upon the court in the exercise of that discretion, as, where the defendant is an incompetent or an infant (proofs then are always taken in England, 1953 Annual Practice, p. 445); or where the defendant has been served by publication (49 C.J.S., Judgments, § 212, p. 374); or where the complaint is quite indefinite (Ohio Central R. Co. v. Central Trust Co. of New York, 133 U.S. 83, 10 S.Ct. 235, 33 L.Ed. 561 (1890)); or the circumstances stir the court's suspicions.
But we see nothing in this action as it stood before the court when judgment was taken, that would call for a reversal now because of its failure to require proofs as to defendants' liability.
That brings us to defendants' second point, namely, that since application for the default judgment was not made within six months after entry of the default, notice of the application should have been given them under R.R. 4:56-2(c). Cf. N.J.S.A. 2:27-118, 193, repealed; former Chancery Rule 200 (1938); Rules, English Supreme Court of Judicature, Order 40, Rule 9. R.R. 4:56-2(c) was adopted, apparently not so much for the purpose of expediting the cause (see R.R. 1:30-3), as perhaps to furnish some protection to a defendant who, while in the process of settling the action or paying off in installments the amount sued for, relies upon the plaintiff not to enter judgment.
In the instant case the application for judgment was apparently made orally after damages were assessed. Surely, the letters written to a subordinate officer here, which asked *75 for a hearing on the assessment of damages and which preceded the oral application for the judgment by five months and one month respectively, could not be said to be the sort of application which satisfies the rule. Notice should therefore have been given under R.R. 4:56-2(c).
Is the judgment then to be vacated? It may be that the provisions for notice in R.R. 4:56-2(b), City of Linden v. Gleffi, 6 N.J. 246, 252 (1951), are impressed with a stronger policy than the provision here. At any event, we need not now determine whether this judgment must be set aside merely because of a non-compliance with R.R. 4:56-2(c).
Here there are other circumstances, constituting, so defendants say, excusable neglect within the intendment of R.R. 4:62-2(a). And this brings us to the third question, above stated. The action here was against the appellants, George and Catherine Perehinys, and their infant son, Robert, who himself owned and operated the automobile that killed plaintiff's decedent.
The form of summons, sanctioned when the suit was started, called upon the three defendants to file nothing with the clerk, but merely to serve upon plaintiff's attorney "an answer" to the complaint. One of the adult defendants does not read English; the other reads but imperfectly. With the summons before them, they had their literate daughter write a letter for Robert's signature, addressed to plaintiff's attorney, setting up on theirs and his behalf a lay answer to the complaint, and sending it allegedly (though it seems a couple of days late) within the 20-day period fixed by the summons. Plaintiff's attorney ignored the letter and had a default entered, swearing that defendants "had not pleaded or otherwise defended."
We might note that the case, which had been started near the end of the period allowed by the statute of limitations, then went to sleep again; judgment by default was not entered until three-quarters of a year after the sending of the above-mentioned letter, and then only against the adult defendants. The failure to take judgment against the infant *76 defendant obviated the appointment of a guardian ad litem, his appearance, and a three-day notice to him, as required by R.R. 4:56-2(b). Thus it was that defendants heard nothing more from the case until over a year after their letter, when the sheriff levied on their home. Thereupon in a reasonable time, and within six months of the judgment, they moved to vacate it.
A judgment may be set aside under R.R. 4:62-2(a) upon a showing of merit and of either mistake, inadvertence, surprise or excusable neglect. Loranger v. Alban, 22 N.J. Super. 336 (App. Div. 1952); cf. Pizzi v. Baker, 21 N.J. Super. 438 (App. Div. 1952). The affidavits submitted on the motion here constitute a sufficient showing of merit to bring the case within the rule. McArdle Real Estate Co. v. McGowan, 109 N.J.L. 595, 597 (Sup. Ct. 1932); McCarthy v. Guire, 14 N.J. Misc. 795, 797 (Sup. Ct. 1936); cf. Cottrell v. Tracy, 121 N.J. Eq. 96, 99 (E. & A. 1936); Kaffitz v. Clawson, 134 N.J. Eq. 494, 495 (Ch. 1944). And there is clearly excusable neglect.
As in every such case, we must weigh, with a view to the circumstances at hand, the law's concern in attaching a finality to its judgments, against its concern in extending to every man a fair chance to have his case decided on its merits. The circumstances here being as they are, we feel defendants should have their relief  but on terms. They will be permitted to defend on the payment to the plaintiff of the taxed costs below, sheriff's charges and such other out-of-pocket disbursements (other than attorney's fees), and within such time, as may be directed below. Besides, subject to the further order of the trial court, the lien of the judgment and execution will stand as security to the plaintiff. Fox v. Simon & Krivit, Inc., 109 A. 900 (Sup. Ct. 1920); Boyd v. Williams, 70 N.J.L. 185 (Sup. Ct. 1903); McTague v. Pennsylvania and New England R.R. Co., 44 N.J.L. 62 (Sup. Ct. 1882).
Reversed and remanded. Costs on appeal to abide the event below.