A. C. BROWN and Neva Brown, Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 15259–15261.

United States Court of Appeals
Eighth Circuit.

Sept. 23, 1955.

W. S. Walker, Harrison, Ark. (V. D. Willis, Harrison, Ark., and Douglas Mahnkey, Forsyth, Mo., with him on the brief), for appellants.

Perry W. Morton, Asst. Atty. Gen., Edward L. Scheufler, U. S. Atty., David M. Proctor, Jr., Asst. U. S. Atty., Kansas City, Mo., and Roger P. Marquis and Reginald W. Barnes, Attys., Dept. of Justice, Washington, D. C., filed brief for appellee.

Before SANBORN, JOHNSEN, and VAN OOSTERHOUT, Circuit Judges.

JOHNSEN, Circuit Judge.

The Government condemned three tracts of land, owned by appellants, in the State of Missouri, for inclusion in the Bull Shoals Dam reservoir area. The tracts were made the subject of separate suits, with the three cases being consolidated for trial below, and also for hearing here.

The jury awarded appellants compensation for the tracts respectively of $3000, $3200 and $650. The court entered an order granting the Government's motion for a new trial in each case, unless appellants filed remittiturs of $965, $1265 and $420 from the amounts of the verdicts—which appellants refused to do.

On the new trial, the jury returned verdicts of only $1050, $2000, and $250 in appellants' favor. Appellants then filed a motion to have these verdicts set aside and the original verdicts reinstated, or alternatively to be granted another trial. The court denied their motions, and they have appealed.

The sole contention made for reversal is that the Government's motions for new trial, on the ground of alleged excessiveness of the original verdicts, were filed out of time, so that the court had no right to entertain or grant the motions, and that the verdicts and the judgments which had been entered on them should therefore have been allowed to stand.

Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A., relating to new trials, in its here material portions, provides: "(a) A new trial may be granted * * * (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States * * *. (b) A motion for a new trial shall be served not later than 10 days after the entry of the judgment. * * * (d) Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

Rule 60(b) allows a longer time in which to file a motion for relief from a judgment on special grounds, such as newly discovered evidence, etc., but it is conceded that the Government's motions were without any relationship to or basis under this rule. The question submitted by the parties therefore simply is whether the motions met the 10-day requirement of Rule 59(b).

Appellants argue that the requirement was not met, because the motions were not filed until 22 days after the returning of the verdicts and the making of a notation on the date of their return by the Clerk in the civil docket, as follows: "Trial by jury, Return of Verdicts in Case 956, Tract No. S-1802, sum of $3,-000.00; Case 988 Tract No. T-1900, sum of $3,200.00; Case 1010, Tract No. 1803, sum of $650.00." They take the position that this notation in the docket, so dated, constituted the entry of a judgment in the cases under Rule 58, and that a motion for a new trial could therefore only be filed within 10 days thereafter.

Rule 58 contains the following pertinent provisions: "Unless the court otherwise directs and subject to the provisions of Rule 54(b) [not here applicable], judgment upon the verdict of a jury shall be entered forthwith by the clerk; but the court shall direct the appropriate judgment to be entered upon a special verdict or upon a general verdict accompanied by answers to interrogatories returned by a jury pursuant to Rule 49. * * * The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs."

Rule 79(a), referred to in Rule 58, imposes upon Clerks of the District Courts the duty of keeping "a book known as 'civil docket'", and of entering therein each civil action to which the Rules of Civil Procedure are applicable. It also makes these further relevant prescriptions: "All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These notations shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process.

The notation of an order or judgment shall show the date the notation is made."

Considering all of these prescriptions together, we are unable to see any basis to regard the notation made by the Clerk in the civil docket of the return of the verdicts and their amounts as being demonstrative of, or having the capacity to constitute, the entry of a judgment under Rule 58. To the contrary, it seems to us that the notation on its face plainly represents nothing more than a performance by the Clerk of the requirement of Rule 79(a), that "all * * * verdicts * * * shall be noted * * * in the civil docket"—a step which procedurally is coequal with that of making "notation of a judgment", and one which is as much required in respect to verdicts on which the Clerk has no right to enter judgment as those on which he has. We do not believe that anyone scrutinizing the notations in a civil docket and finding one therein, such as here, indicating the return of a verdict and its amount, with nothing more stated, could reasonably be expected to regard this as a judgment entry or even to suspect it of possibly having been so intended. Rather, we think that the legal mind would naturally assume that the Clerk either had overlooked the matter of entering judgment, or had left the matter open, on direction of the court, or because of other elements in the situation, for the taking of a subsequent step.

It is difficult to conceive of a Clerk purporting to engage in an act of "notation of a judgment" or "entry of the judgment" under the Rules, without some use of the term "judgment" itself in relation to the act, in view of the fixed identity and characterizing significance which the word has in the field of the law. But if actual use of the term may perhaps not always be engaged in or be necessary, it would seem that there reasonably would be present at least some connotative or symbolic expression to convey to the legal mind the concept of that culminating status, which represents "the end of the law." Cf. St.

Louis Amusement Co. v. Paramount Film Distr. Corp., 8 Cir., 156 F.2d 400; Weldon v. United States, 9 Cir., 196 F.2d 874.

Napier v. Delaware, L. & W. R. Co., 2 Cir., 223 F.2d 28, 29, is urged upon us as holding that the noting of a jury verdict on the civil docket constitutes the entry of a judgment. The opinion in the case states: "On March 11, 1954, upon the acceptance of the jury's verdict plaintiff's counsel in open court moved for entry of judgment. The judge observed that to translate the verdict into a judgment 'only a docket entry' was necessary. This was entirely correct. Fed.Rules Civ.Proc. rule 58, 28 U.S.C.A. The judgment in accordance with this rule was docketed on March 12th." We cannot tell from this whether the notation made by the Clerk in the docket on March 12th contained any indicative expression that a judgment was being entered on the verdict. It seems a reasonable inference, however, that since the verdict was returned on March 11th, notation of that fact would have been made as of that date, and that the entry of March 12th therefore must have been something more or different from this.

But, however this may be, if the case is intended to hold that a noting of the return of a verdict, in complying with the requirement of Rule 79(a), as discussed above, is automatically and without more also the entry of a judgment in the case, then we are in disagreement with the holding. Such a holding would make the Rules a matter of pitfall and confusion, for there are many situations in which neither the Clerk nor the parties can be certain of the right to have a judgment momentarily or automatically follow a verdict.

Thus, in the present situation, deposits of estimated compensation were involved, although they had apparently not been paid out to appellants, but they at least presented a question as to the amount of interest to which appellants would be entitled in relation to the compensation awarded them. Cf. United States v. Mahowald, 8 Cir., 209 F.2d 751. In fact, the Government takes the broad position that a Clerk cannot properly in any circumstances enter judgment upon a verdict in a condemnation case.

Rule 71A(j) does require that, in certain situations of adjustment between deposits of estimated compensation and recoveries in condemnation suits, "the court shall enter judgment * * *." It is not necessary here, however, to consider or decide abstractly whether or not situations can exist, in which it would be disposingly possible and proper for the Clerk to enter judgment on a condemnation verdict automatically by a mere notation on the docket. It is sufficient for present purposes that the Clerk cannot be said to have undertaken to enter any such judgment here and that the notation which he made in the civil docket of the return of the verdicts and their amounts cannot either in form or substance be said to represent or convey any concept of the entry of a judgment.

No judgment can legally be said to have been entered or in any way attempted to be entered, until 21 days after the return of the verdicts, when the court signed formal judgments, with detailed provisions, and the Clerk at the same time made a notation on the docket of "Judgments on verdicts filed." The Government's motions for new trial were filed the day following the making of this notation of judgment on the docket. They thus clearly were filed and served within "10 days after the entry of the judgment", as required by Rule 59. They can accordingly not be contended to have been filed out of time and so to have left the court without right to entertain or grant them.

■ We have answered the contention made by appellants upon its merits, in order to enable the parties to bring this litigation to a close. Technically, we would not have been required to do so, for the printed record fails to show a proper judgment entry in relation to the second trial, and the appeals would accordingly be entitled to be dismissed.

Appeals dismissed.