39 N.J. Super. 387 (1956)
121 A.2d 30
DURLING FARMS, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
GEORGE MURPHY AND JAMES MURPHY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1956.
Decided March 9, 1956.
*388 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Milton A. Dauber argued the cause for the defendants-appellants (Mr. Charles Bressler, attorney; Mr. Richard H. Hughes, of counsel).
Mr. Francis P. Sutton argued the cause for the plaintiff-respondent (Messrs. Hauck, Herrigel and Sutton, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
The complaint alleged the defendants' indebtedness in the sum of $2,391.95 and interest on a book account for goods sold and delivered. The defendants denied *389 the allegations of the complaint, asserting as a separate defense that the plaintiff and the defendants had entered into an accord and satisfaction.
Default judgment for the sum demanded was entered, which stated that "neither the defendants nor their attorneys appeared for the pretrial conference although due notice was given and * * * that interrogatories served on the defendants' attorney were not answered." More than a month later, the defendants' attorney received written notice from the Clerk of the Superior Court that default judgment had been entered. Thereupon, the defendants gave notice of motion to vacate the default judgment, supported by an affidavit of Mr. Bressler, their attorney, that he "never received notice of said pretrial conference" and that the defendants "were not represented at said pretrial conference due solely to the fact that I did not receive notification of same." He further stated that the defendants have a good and meritorious defense to the plaintiff's complaint. The defendants' motion to vacate the default judgment was denied, and the defendants appeal.
Two questions are here raised: first, whether on the record before us receipt by the defendants' attorney of notice of the pretrial conference was sufficiently proved to warrant the application of sanctions, and, secondly, whether the trial court had the power under the provisions of R.R. 4:29-1(c) to enter a default judgment upon failure of the defendants or their attorney to attend the pretrial conference.
The judgment recites "that neither the defendants nor their attorneys appeared for the pretrial although due notice was given." The record submitted for our consideration on this appeal contains no proof that any notice of the pretrial conference was given to the defendants or their attorney, R.R. 4:29-2. On the defendants' motion to vacate the default judgment, Mr. Bressler, by affidavit, stated:
"3. I never received notice of said pretrial conference nor did I receive any communication from Hauck and Herrigel, Esqs., nor any other party concerning this matter between May 4, 1955 and June 16, 1955.
*390 4. My clients were not represented at said pretrial conference due solely to the fact that I did not receive notification of same.
5. In my opinion my clients have a good and meritorious cause of action to the within complaint."
In reply, Mr. Sutton, the plaintiff's attorney, submitted his affidavit in which the only reference to notice is as follows:
"5. I subsequently received notice that the case had been set down for pretrial on May 4, 1955. Neither the defendants nor their attorney, Mr. Bressler appeared at the pretrial. Because there was no appearance on behalf of the defendants at the pretrial, judgment was rendered against the defendants jointly and severally for the sum of $2,391.95 with interest at the rate of 6% per annum, from the 19th day of July, 1950 together with costs to be taxed, the relief demanded in the complaint. It was ascertained at the time of the pretrial that notice of the pretrial had been sent to Mr. Bressler."
There is not a scintilla of proof, by affidavit or otherwise, as to how notice of the pretrial conference had been sent to Mr. Bressler. R.R. 4:29-2 places upon the county clerk the responsibility of giving notice to all attorneys of an impending pretrial conference. In light of the fact that the defendants' affidavits categorically disclaim receipt of notice, it is difficult to understand why the appendix contains no proof of when or how notice was given. Failing such proof, the refusal of the trial court to vacate the default judgment was error.
The defendants contend that in any event R.R. 4:29-1(c) precludes the entry of a default judgment. The rule provides:
"For failure to appear at a pretrial conference or to participate therein or to prepare therefor, the court in its discretion may make such order with respect to the imposition of costs and counsel fees and with respect to the continued prosecution of the cause, including dismissal, or of the defense thereof, as is just and proper."
The language of the rule does not of itself provide for the entry of a default judgment. The rule is patterned generally after Federal Rule 16, which apparently does not impose sanctions for failure to attend a pretrial conference. Although *391 for such failure the question of dismissal has been considered by our courts, Bowman v. Bambara, 28 N.J. Super. 92 (App. Div. 1953), the rule has not yet been construed insofar as entry of a default is concerned. However, the question has received consideration by our Supreme Court. Prior to September 7, 1955, R.R. 4:56-2(b) required three days' written notice to a defendant of an application to enter a default judgment. However, effective September 7, 1955, after the instant action had been concluded, Rule 4:56 was supplemented by the adoption of R.R. 4:56-5 which excepts from the provisions of R.R. 4:56 those cases in which the court orders a party in default for failure to appear at a pretrial conference. The adoption of R.R. 4:56-5 is persuasive of the conclusion that prior thereto a court could not enter default in disregard of R.R. 4:56-2(b). Loranger v. Alban, 22 N.J. Super. 336 (App. Div. 1952).
The plaintiff relies upon Bowman v. Bambara, supra, where the trial court dismissed the plaintiff's complaint with prejudice for failure to appear at a pretrial conference. On motion the court refused to set aside the order of dismissal, and the Appellate Division affirmed. However, that case is clearly distinguishable from the instant facts, because there the plaintiff admittedly had received notice of the conference.
Further, the plaintiff argues that the defendant made no showing of a meritorious defense, which was sufficient reason for the trial court to refuse to vacate the judgment. Significantly, an examination of the answer discloses that the defendants affirmatively raised as a separate defense that the respective parties had entered into an accord and satisfaction "whereby the defendant transferred his business and assets to the plaintiff in consideration of the plaintiff's agreement to cancel all indebtedness due from the defendant to Durling Farms." However, whether or not the defendants had a meritorious defense is not determinative, since the right of the court to enter the default judgment is the primary question under review.
The default judgment and the order denying vacating the judgment are reversed.