**Bernard MITCHELL, Petitioner,**

v.

**DISTRICT COURT OF UNITED STATES FOR SOUTHERN DISTRICT OF CALIFORNIA, Respondent.**

**Misc. No. 875.**

United States Court of Appeals Ninth Circuit.

Aug. 11, 1959.

Monroe & Chula, Santa Ana, Cal., for petitioner.

Malcolm Davis, Los Angeles, Cal., for Railroad Co.

No appearance for respondent.

Before STEPHENS, POPE and HAMLIN, Circuit Judges.

PER CURIAM.

Petitioner asks leave to file a petition for an extraordinary writ (which he calls a Writ of Certiorari) to prohibit the District Court for the Southern District of California from proceeding with a new trial in a case entitled Mitchell v. Union Pacific Railroad Co., and others.

It appears from the proposed petition that after trial of that case in the respondent court a jury returned a verdict on May 14, 1958 awarding plaintiff $12,000 damages against Chicago and Northwestern Railway Company, one defendant, and finding in favor of another defendant.[1] The court ordered the verdict

---

1. In a brief filed here by the defendant railway companies a copy of the verdict is set out with a statement that the court also submitted to the jury the following interrogatory: "Were the defendants, or either of them, guilty of willful or oppressive misconduct which proximately caused the death of the dog?" and that this was answered "No" by the jury. The copy of the verdict shows the $12,000 awarded was for exemplary damages.

withheld from filing "pending any motions by defendant." On May 21, thereafter, Chicago and Northwestern Railway Company moved for a new trial. On August 1, 1958 this motion was denied, and the court ordered the verdict filed. The railway company then filed notice of appeal and otherwise proceeded with the perfection of a record on appeal. November 26, 1958, judgment was entered on the verdict, and the same day, the court, on its own motion, ordered a new trial "unless plaintiff within 10 days from date hereof, file written consent to reduction of judgment to sum of $2000 and costs." The consent was not filed. The case was set for a new trial on May 20, 1959, whereupon this application was made in this court, which granted a stay of the trial and called for briefs by the parties and the railroad companies upon the question whether leave to file the application for the writ should be granted. The railroad companies have filed a brief.

 We think the application to file must be denied. Under Civil Rule 59(d), 28 U.S.C.A., the court was authorized to order a new trial on its own initiative within 10 days after entry of judgment. The order sufficiently disclosed that the ground for the order was that the court deemed the verdict excessive.

■ Apparently the petitioner's theory is that the time for this action of the court ran from the date the verdict was filed and entered; that this must be treated as an entry of judgment.

Plainly this is not so, for while ordinarily the clerk would enter a judgment "forthwith" upon a verdict yet Rule 58 provides: "Unless the court otherwise directs * * * judgment upon the verdict of a jury shall be entered forthwith by the clerk; but the court shall direct the appropriate judgment to be entered upon * * * a general verdict accompanied by answers to interrogatories returned by a jury pursuant to Rule 49."

2. This appears from the railroad's brief, which has not been controverted on this point. Incidentally, the answer to the

As the verdict here was accompanied by answers to interrogatories [2] the judge had the right to direct the "appropriate" judgment, and this was not entered until the date when the new trial was ordered. See Brown v. United States, 8 Cir., 225 F.2d 861, 863.

Leave to file is denied.

interrogatory may well be inconsistent with the verdict.