76 N.J. Super. 600 (1962)
185 A.2d 230
EVELYN FOX, PLAINTIFF,
v.
MORRIS FOX, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 26, 1962.
Mr. Lester Sandles, attorney for plaintiff.
*601 Mr. Louis A. Finklestein, attorney for defendant Morris Fox.
Mr. Emanuel N. Silberner, attorney for defendant Lillian Horowitz, individually and as executrix under the last will and testament of Jack Fox, deceased.
HERBERT, J.S.C.
The complaint in this case is in three counts. The first count is for partition of real estate and not important to this discussion. By the second and third counts the plaintiff demands judgment against Morris Fox and Lillian Horowitz  who are also defendants to the partition count  for possession of certain furniture and household equipment or, in the alternative, for damages.
Morris Fox and Lillian Horowitz, although ordered to do so, failed to answer interrogatories relating to the subject matter of the second and third counts. Their delinquencies had not been cured when the case came up for trial and, on motion of the plaintiff's counsel, their answers to those counts were stricken and a default entered against each of them under the provisions of R.R. 4:27-2(b)(3). Ordinarily the plaintiff would have offered her proofs in open court immediately, for the trial was about to start, but she was ill and it is now proposed to take her deposition to supply the testimony she would give in the courtroom if she were well. Should counsel for Morris Fox and Lillian Horowitz, even though defaults have been entered against their clients on the second and third counts, be allowed to participate by cross-examination or otherwise in the taking of proofs with respect to the plaintiff's claims for furniture and household equipment which are the subject matter of those counts?
After a default has been entered against a defendant under R.R. 4:27-2(b) (3), the provisions of R.R. 4:56, relating to the entry of default judgments, become applicable. It was so held in Douglas v. Harris, 35 N.J. 270 (1961). Accordingly, if the plaintiff's second and third counts had been based upon promissory notes, she could now have final judgment *602 entered by applying to the clerk. R.R. 4:56-2(a). Her proofs would have to be in affidavit form only, and the defendants against whom defaults have been entered would have no opportunity at all to participate in the proceedings for entry of judgment.
The counts in question do not, however, present claims on which the clerk can act, and the plaintiff must apply to the court for her judgment under R.R. 4:56-2(b). Had Morris Fox and Lillian Horowitz ignored the service of process made upon them, surely there would be, after that type of default, no question of participation in the proceedings for entry of judgment; the plaintiff could follow conventional practice and present her proofs ex parte to the court. There is in the rule, however, the following sentence:
"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."
Does that sentence require notice to be given to Morris Fox and Lillian Horowitz, and if so, should it be inferred that the purpose of the notice is to enable defendants in their situation to exercise a right to participate in the taking of proofs? These defendants are entitled to receive the three-day notice. This is indicated by two cases dealing with the effect of R.R. 4:56-5, which was adopted in 1955 and deleted in 1961. In Douglas v. Harris, supra, the Supreme Court declared that rule had taken away from a defendant, defaulted for failure to make discovery, the benefit of the three-day notice provision contained in R.R. 4:56-2(b). Durling Farms v. Murphy, 39 N.J. Super. 387, 391 (App. Div. 1956), dealt with a default judgment which, shortly before R.R. 4:56-5 took effect, had been entered against a defendant because of his failure to appear at a pretrial conference, and the opinion contains this comment:
"Prior to September 7, 1955, R.R. 4:56-2(b) required three days' written notice to a defendant of an application to enter a default *603 judgment. However, effective September 7, 1955, after the instant action had been concluded, Rule 4:56 was supplemented by the adoption of R.R. 4:56-5 which excepts from the provisions of R.R. 4:56 those cases in which the court orders a party in default for failure to appear at a pretrial conference. The adoption of R.R. 4:56-5 is persuasive of the conclusion that prior thereto a court could not enter default in disregard of R.R. 4:56-2(b). Loranger v. Alban, 22 N.J. Super. 336 (App. Div. 1952)."
The Douglas and Durling Farms cases appear to have eliminated the possibility that, in entering judgment under R.R. 4:56-2(b), a defendant who has been declared in default by reason of his failure or neglect to make discovery can be treated like one who has never appeared at all, or like one who, having appeared, has subsequently withdrawn that appearance; and with R.R. 4:56-5 having been deleted in 1961, it follows from those cases that the three-day notice provision of R.R. 4:56-2(b) should again be observed in making application for entry of a final judgment against such a defaulted defendant. It does not follow, however, that, because he is entitled to such notice he is also entitled to participate in the taking of the plaintiff's proofs. The scope of the proof required when a final judgment by default is sought under R.R. 4:56-2(b) is discretionary with the court. Reilly v. Perehinys, 33 N.J. Super. 69 (App. Div. 1954); Douglas v. Harris, supra. It would be inconsistent with the court's discretionary control of the proofs to impose, in every case where the three-day notice provision of R.R. 4:56-2(a) applies, a requirement that the plaintiff and his witnesses submit to cross-examination by counsel for the defaulted defendant; and the taking of the proofs ex parte in such a case would be in accord with the treatment given to a defendant who has ignored the summons served upon him or one who has been defaulted for failure to make discovery in a suit where a sum certain is claimed and the clerk can enter judgment under R.R. 4:56-2(a).
No New Jersey cases in point have been cited, and I have found none. From the opinion of the Appellate Division in *604 Douglas v. Harris, 63 N.J. Super. 313, 316 (1960), it appears that the attorney for the Unsatisfied Claim and Judgment Fund Board was not allowed to cross-examine the witness called in support of the plaintiff's application for final judgment, but this occurred while R.R. 4:56-5 was in effect and the three-day notice provision of R.R. 4:56-2(b) was not applicable to a defendant who had failed to make discovery. And though counsel for the defaulted defendant did cross-examine the plaintiff's witnesses in Interchemical Corp. v. Uncas Printing & Finishing Co., Inc., 39 N.J. Super. 318, 323 (App. Div. 1956), there was apparently no objection raised  as there has been in the present case  to his doing so. Under federal rules comparable to our own it has been held, however, that a defendant against whom a default has been entered because of failure to answer interrogatories should not cross-examine witnesses called by the plaintiff to supply proof for a default judgment. Michigan Window Cleaning Co. v. Martino, 173 F.2d 466 (6 Cir. 6th 1949). Also see Schnitzer & Wildstein, N.J. Rules Service A IV-768.
My conclusion is that the plaintiff's proofs in support of her application for entry of final judgment under R.R. 4:56-2(b) should be taken without the participation, by cross-examination or otherwise, of counsel for Morris Fox and Lillian Horowitz. Such result does not make pointless the rule's provision for giving a three-day notice of the application for entry of judgment. It can be given a sensible meaning and purpose by allowing the defendants, if they so desire, to argue that the proofs, after being taken, are insufficient in law or fact to support the judgment which the plaintiff seeks.
It may be possible to imagine a situation in which it would be sound discretion for a court, in order to get assistance in evaluating a plaintiff's claim to judgment under R.R. 4:56-2(b), to allow a defendant to cross-examine, or even present counter proofs. This is not such a case; the claims of the plaintiff here are simple ones and I perceive no sufficient *605 reason to give the defaulted defendants an opportunity to participate in the taking of the proposed deposition.
The scope of the proofs required of the plaintiff being a discretionary matter (Reilly v. Perehinys, supra), it is appropriate to comment in advance of the taking of her deposition that I will require evidence of her right to recover on counts 2 and 3 as well as proof of damages.
Nothing in this opinion is intended to restrict or to have any bearing upon participation by counsel for Morris Fox and Lillian Horowitz in any portions of the proposed deposition of the plaintiff dealing with the first, or partition, count of the complaint.