190 N.J. Super. 189 (1983)
462 A.2d 614
DOROTHY M. SCOTT, PLAINTIFF,
v.
EDWIN A. SCOTT, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County.
Decided April 27, 1983.
*191 Seymour Chase for plaintiff (Chase & Chase, attorneys).
James A. Major, II for defendant (Major & Major, attorneys).
KRAFTE, J.J.D.R.C. (temporarily assigned).
The question presented is whether this court abused its discretion in permitting defendant to offer unrestricted testimony at the time of trial despite orders striking his answer and defenses and dismissing all his pleadings for failure to provide discovery and file a preliminary disclosure statement.
This matter came on for trial on January 18, 1983. At that time the court permitted the unexpurgated testimony of both parties on the issues of alimony, child support and equitable distribution. Based upon the testimony adduced at trial, including *192 all evidence proffered by defendant as to the exclusion of certain property from equitable distribution and valuation in general, this court rendered an oral decision.
On March 9, 1983 the court on its own motion issued an order to show cause, pursuant to R. 4:49-1(c), why an order should not be entered granting a new trial of the issues of alimony, child support and equitable distribution on the ground that the court abused its discretion in permitting the full participation by defendant notwithstanding the aforementioned orders. At the time of oral argument defendant asserted that the court's motion was not timely made pursuant to R. 4:49-1(c) and that such time could not be enlarged per R. 1:3-4(c). Defendant attempted to find further support in the comments to R. 4:49-1(b) wherein it is stated: "The second (change in the source rule) was to make clear that in non-jury actions, the ten day period begins to run from the date the court's conclusion is announced...." The final judgment has not been entered in this matter; however the court's decision was announced on January 18, 1983. No other argument was advanced by defendant to meet the court's motion for a new trial.
R. 4:49-1(c), under which this court moves, in part reads: "Not later than 10 days after entry of judgment the court on its own motion may order a new trial for any reason for which it may have granted a new trial on motion of a party." (Emphasis added.) R. 1:3-4(c) provides that "Neither the parties nor the court may, however, enlarge the time specified by ... R. 4:49-1(b) and (c)...." Consistent therewith the order about to issue does not enlarge the time specified and there is no need to do so.
The language of the rule is clear. It reads "10 days after entry of judgment." No differentiation is made between bench and jury trial. In stark contrast is the language of Subsection (b) which requires the motion to be made within "10 days after the court's conclusions are announced in non-jury actions or after the return of the verdict of the jury." The entry of *193 judgment is a procedural step of some significance and its meaning must not be contorted to suggest a different phase in the litigation in order to accomplish defendant's aims.
Furthermore, research of the source of R. 4:49-1(c), Fed.R. Civ.P. 59(d), reveals that the same interpretation was made by the Ninth Circuit Court of Appeals in Mitchell v. Dist. Ct. of U.S., 270 F.2d 70, 71 (9th Cir.1959). In that case the jury returned a verdict on May 14, 1958, upon which judgment was entered on November 26, 1958. On the date judgment was entered the court, on its own motion pursuant to Fed.R.Civ.P. 59(d), ordered a new trial. The plaintiff sought leave to file a petition for an extraordinary writ to prohibit the District Court from proceeding with a new trial. Leave to file was denied, and it was determined that "the court was authorized to order a new trial on its own initiative within 10 days after entry of judgment." Id. at 71. Thus it is clear that the language, "10 days after entry of judgment," is meant to mean just that and not 10 days from the decision as urged by defendant.
This court holds that the motion for a new trial is timely filed.
Turning to the substantive issues involved, it is necessary to briefly review the procedural history of this matter. Plaintiff filed her complaint on May 29, 1981. By July 10, 1981 defendant had yet to answer and a default was entered. That default was subsequently set aside by consent order dated September 1, 1981. However, defendant's attitude toward the proceedings remained unchanged. On March 11, 1982 his answer and defenses were stricken and suppressed for failure to provide discovery. On April 1, 1982 another order was entered dismissing "any and all pleadings filed by the defendant" for failure to file a preliminary disclosure statement. By the time this matter came on for trial, neither of these two orders were vacated and no discovery, by way of interrogatories or preliminary disclosure statement, was afforded plaintiff. Despite these facts defendant was permitted to give untrammeled testimony as if no sanctions had been imposed. The two prior orders were *194 but hollow victories. The scope of defendant's permitted participation was well beyond discriminating limits permitted by case law. This was tantamount to an abuse of discretion on the court's part and must presently be remedied.
Initially it must be noted that there is a difference between a defendant who has defaulted by failing to answer or appear in the action and one who has defaulted by virtue of his failure to make discovery. In the former case the defaulting defendant in a matrimonial matter need only be given notice within 45 days of default of what assets are allegedly subject to equitable distribution and a proposal for distribution. R. 4:79-2(e).
The purpose of the rule is stated in the comments thereto. "That the defendant have notice of precisely what assets are sought by the plaintiff to be distributed before an effective judgment of distribution can be made may clearly be a jurisdictional requirement where the court's exercise of jurisdiction is, in effect, in rem or quasi-in-rem." Pressler, Current N.J. Court Rules, Comment R. 4:7-9-2 (1982). This is clearly a due process consideration.
In the latter case, such as here, the defendant has answered and submitted fully to the jurisdiction of the court. By virtue of his appearance and his answer to the merits of the complaint, full jurisdiction to determine the issues raised therein are acquired by the court. Any further requirements of notice are therefore intended to comport with fundamental concepts of fairness and to serve the interests of judicial expediency.
The preliminary disclosure statement was developed for this very purpose. This rule, R. 4:79-2, was made effective September 14, 1981, at which time the former R. 4:79-11, was deleted. The requirement of the old R. 4:79-11 was to provide notice to the adverse party of the assets subject to equitable distribution and the proposed allocation. The new rule, R. 4:79-2, requiring the preliminary disclosure statement encompasses this purpose and gives further information with respect to alimony, child *195 support and an award of counsel fees. Pressler, Current N.J. Court Rules, Comment R. 4:79-2.
As mentioned, defendant here did not file a preliminary disclosure statement nor did he provide any other discovery. He in effect "stonewalled" plaintiff completely. Moreover, he had full knowledge of plaintiff's position on what she claimed was distributable, her intendment for allocation and her position on value. The inquiry thus becomes to what extent he should be entitled to participate at the time of trial.
While it is within the court's discretion "to take such proceedings as it deems appropriate" under R. 4:43-2(b) to determine the truth of the allegations, it must also "consider whether the refusal of a party to make the discovery was flagrant and contumacious and whether the undisclosed information demanded might go to the proof of plaintiff's case." Douglas v. Harris, 35 N.J. 270, 277-278 (1961). Although the entry of a default precludes defendant from offering testimony in defense, it does not obviate the obligation of plaintiff to furnish proof on the issues. Metric Investment, Inc. v. Patterson, 98 N.J. Super. 130, 133 (Law Div. 1967), citing Reilly v. Perehinys, 33 N.J. Super. 69 (App.Div. 1954). Johnson v. Johnson, 92 N.J. Super. 457, 464 (App.Div. 1966).
The extent of defendant's participation will depend upon his course of conduct thus far and the nature of plaintiff's action. Consequently, in an action for the possession of furniture or, in the alternative, damages, defendants were not permitted to participate in the taking of plaintiff's proofs nor were they allowed to cross-examine. Instead they were limited to argument that the proofs were insufficient in fact or law. Fox v. Fox, 76 N.J. Super. 600, 604 (Ch.Div. 1962). The court reasoned that there may be situations where cross-examination or even counter-proofs might be allowed in order to evaluate plaintiff's claim, but that this was not such a case. Id. Consistent with that reasoning, cross-examination of plaintiff's witnesses was tolerated in a medical practice suit "due to the complexity of the *196 issues to be tried, the prospective proofs and testimony to be adduced and defendant's potential exposure to liability." Perry v. Crunden, 79 N.J. Super. 285, 292 (Cty.Ct. 1963).
Considering the foregoing, defendant herein was entitled to cross-examination at the very most, for no one who withholds evidence can be in any sense a fit object of clemency or protection. 2 Wigmore on Evidence § 291 at 186.
It was strictly a discretionary matter for this court to determine and delineate the extent of defendant's participation in this trial. This court abused that discretion. The judgment is set aside and a new trial ordered, with defendant's participation being limited to cross-examination only.