**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1358-24

JASON WRIGHT,

    Plaintiff-Appellant,

and

KAREEM JEFFRESS, ANDREA
BROOKS, and MELISSA
CHOULOUTTE, on their own
behalf and on behalf of a class of
similarly situated persons,

    Plaintiff,

v.

FENIX TOWING LLC and
JONNATHAN G. REIBAN,

    Defendants-Respondents.

_____

Submitted November 3, 2025 – Decided November 19, 2025

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7225-21.

Lessie Hill, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

Plaintiff Jason Wright appeals from an order of the Special Civil Part entered after a proof hearing, awarding plaintiff $350 as compensation for a vehicle he sold to defendant Fenix Towing LLC. Before us, he raises three challenges to the court's final judgment. First, he maintains the court erred in refusing to award him treble damages and attorney's fees under the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -227. Second, he argues the court mistakenly failed to impose personal liability upon the owner of Fenix Towing, defendant Jonathan Reiban, solely for the CFA violations. Finally, he contends the court improperly permitted defendants' counsel to conduct a more fulsome cross-examination of plaintiff at the proof hearing in light of the suppression of defendants' answer and the attendant limited scope of that proceeding. After considering all of defendants' arguments against the record and the applicable legal principles, we remand for further factual findings with respect to plaintiff's CFA claim and Reiban's potential personal liability for any damages related to that cause of action.

A-1358-24

We discern the following facts from the parties' pleadings and the transcript of the proof hearing. Plaintiff, and three other individuals, filed a multi-count class action complaint against Fenix and Reiban sounding in common law fraud, unjust enrichment, and alleged violations of the CFA. Defendants retained counsel and filed an answer, in which they denied all of plaintiff's material allegations but admitted Reiban "controlled, directed[,] and participated in the management and operation of [Fenix Towing]."

The court issued an order suppressing defendants' answer without prejudice based on their failure to produce discovery and gave them forty-five days to comply with those obligations and seek reinstatement of his answer. After defendants failed to comply with the court's order, it suppressed defendants' answer with prejudice. The matter then proceeded to a proof hearing.

At that proceeding, plaintiff explained how he contacted defendant Fenix Towing after seeing one of its flyers, which offered "to come and take [his] car . . . because . . . [defendant] give[s] money for junk cars." Plaintiff testified during his initial contact, the representative from Fenix Towing never mentioned the offer was contingent on the car containing a catalytic converter. After agreeing to have his car towed for $500, plaintiff stated a tow truck operator on

3

behalf of defendant Fenix Towing arrived to collect his vehicle and loaded it onto the tow truck. Plaintiff testified the operator, at that point, told him that the car was missing its catalytic converter and that, contrary to their prior agreement, he would only receive $150 instead of the agreed-upon $500. Plaintiff stated he informed the operator to release his car but was informed it would cost him $150 to lower the vehicle back in his driveway.

Plaintiff testified that at this point in the exchange, he identified the catalytic converter himself and asked the tow truck operator to call his supervisor. Plaintiff stated he knew the car had a catalytic converter because he had owned the car for over three years, had the car recently examined by a mechanic, and noted that you "can't drive a car without a catalytic converter."

Plaintiff stated the tow truck operator then called the owner of Fenix, who plaintiff understood to be Reiban. Plaintiff testified when he spoke with Reiban, Reiban stated because the car did not contain a catalytic converter Fenix would pay plaintiff only $150. After the phone call, plaintiff agreed to take the $150 because it was a "lose-lose situation" for him.

The court first determined plaintiff was a "very credible person" who was "very forthright when answering all of the questions." The Court accordingly found the plaintiff "was [promised] $500 and he was only paid $150" and entered

A-1358-24

judgment in his favor for $350 "against . . . defendants." The court, however, dismissed plaintiff's request to proceed as a class action because plaintiff never requested class certification, and none of the other named plaintiffs appeared at the proof hearing to testify. The court also dismissed plaintiff's CFA claim.[1]

The court found plaintiff's testimony insufficient to establish consumer fraud, because he did not produce any written documentation from Fenix. It further characterized plaintiff's testimony related to the CFA claim as "potentially hearsay" to the extent it identified the "alleged tow truck operator he spoke to on the phone." The court further explained there was "no testimony regarding who [defendant] . . . Reiban[] is" and "no proof [defendant] Fenix Towing was involved . . . ." The court accordingly issued a judgment for $350 against only Fenix Towing without awarding attorney's fees or trebling that amount as permitted by N.J.S.A. 56:8-19.[2]

---

[1] In support of the CFA claim, plaintiff's counsel also provided the court with a certification of services.

[2] Plaintiff has not challenged the court's decision dismissing his class action claims, nor has the plaintiff contended the proofs supported a judgment based on his common law fraud cause of action. We accordingly consider any claimed error in the manner in which the court disposed of those matters waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025) ("[A]n issue not briefed is deemed waived.").

A-1358-24

We affirm the court's $350 award against Fenix Towing. After deeming plaintiff credible, the court clearly credited his testimony that he received an offer to sell his vehicle for $500 but was paid only $150 resulting in damages based on plaintiff's unjust enrichment claim in the amount of $350. As the court's factual findings are fully supported by "adequate, substantial and credible evidence," they are binding on us. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. Of Am., 65 N.J. 474, 484 (1974) (citing N.J. Turnpike Authority v. Sisselman, 106 N.J. Super. 358 (App. Div. 1969), certif. denied 54 N.J. 565 (1969)). Further, we defer to the court's credibility-based factual findings because it was the court who saw and heard the witnesses testify and it "has a better perspective than a reviewing court in evaluating the veracity of witnesses." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). Finally, we discern no legal error in the court's $350 award to compensate plaintiff for Fenix's unjust enrichment. See EnviroFinance Grp., LLC v. Env't Barrier Co., LLC, 440 N.J. Super. 325, 350 (App. Div. 2015) (quoting VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994)) (To demonstrate unjust enrichment, "'a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be

A-1358-24

unjust' and that the plaintiff 'expected remuneration' and the failure to give remuneration unjustly enriched the defendant.").

We reject, however, plaintiff's argument that the court improperly expanded the scope of defendants' counsel's cross-examination as without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E), adding only the following brief comments. First, plaintiff never lodged any objection to the scope or manner of defendants' cross-examination before the court, and we therefore consider the issue waived. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Second, we discern no error, let alone plain error, in the court's decision to permit defendants' counsel to briefly cross-examine plaintiff to explore not only the alleged damages but the asserted bases of his CFA claim, for the reasons detailed at pp. 7-9, infra.

We next address plaintiff's challenge to the court's dismissal of his CFA claim, noting the applicable standard of review that guides our analysis on that issue. As the court's determination involved mixed questions of law and fact, we apply a de novo review of the court's resolution of that issue. See Manalapan Realty, L.P. v. Twp. Committee of Manalapan, 140 N.J. 366, 378 (1995).

We also consider plaintiff's arguments in the context of his status as a non-defaulting party. "It is axiomatic that where, following the entry of a default, a

plaintiff seeks unliquidated damages, judgment should not ordinarily be entered without a proof hearing . . . ." Chakravarti v. Pegasus Consulting Group, Inc., 393 N.J. Super. 203, 210 (App. Div. 2007) (citations omitted). At such a hearing, it is "strictly a discretionary matter for [the] court to determine and delineate the extent of defendant's participation." Scott v. Scott, 190 N.J. Super. 189, 196 (Ch. Div. 1983).

The process for entry of default with respect to Special Civil Part cases is detailed in Rule 6:6-3(c) and parallels Rule 4:43-2(b). The Rules grant a court the discretion to require proof of the quantum of damages as well as entitlement to relief, prior to entry of default judgment. EnviroFinance Grp., LLC, 440 N.J. Super. at 350 (internal citations omitted); see also Kolczycki v. City of E. Orange, 317 N.J. Super. 505, 514 (App. Div. 1999) ("[T]he trial court has the discretionary power to require proof of liability."). However, "[w]here the trial court, undertakes to exercise such discretion, the court should ordinarily apply the prima facie standard to plaintiff's proofs, thus not weighing evidence or finding facts but only determining bare sufficiency." Kolczycki, 317 N.J. Super. at 514 (citing Heimbach v. Mueller, 229 N.J. Super. 17, 20-24 (App. Div. 1988)). "[P]rima facie [evidence is evidence] that, if unrebutted, would sustain a judgment in the proponent's favor." Baures v. Lewis, 167 N.J. 91, 118 (2001).

8

The court clearly has authority to refuse to enter judgment if the complaint on its face fails to state a cause of action even if the defendant is in default. See Prickett v. Allard, 126 N.J. Super. 438, 440 (App. Div. 1974) (citations omitted). Further, a court may dispose of a case at a proof hearing if the evidence presented is so "inherently incredible that the trial judge is justified in refusing to believe it." Heimbach, 229 N.J. Super. at 24 n.3. With that said, as we noted in Heimbach, it has been long settled in this state, that:

> [a] defendant's default admit[s] every allegation of fact in the complaint which was susceptible of proof by legitimate evidence except:
>
> (1) allegations which were made indefinite or erroneous by other allegations of the complaint,
>
> (2) allegations which were contrary to facts of which the court would take judicial notice, or
>
> (3) allegations which were contrary to uncontroverted material in the file of the case.
>
> [Id. at 22-23. (citations omitted).]

We next address the elements of a prima facie CFA claim. "The CFA provides a remedy for any consumer who has suffered an ascertainable loss of moneys or property as a result of an unlawful commercial practice and allows him or her to recover treble damages, costs, and attorney['s] fees." Heyert v. Taddese, 431 N.J. Super. 388, 411 (App. Div. 2013) (citations omitted). The

9

elements of a CFA claim are: (1) an unlawful practice, (2) an ascertainable loss, and (3) a causal relationship between the unlawful conduct and the ascertainable loss. Lee v. Carter-Reed Co., 203 N.J. 496, 521 (2010).

"An 'unlawful practice' contravening the CFA may arise from (1) an affirmative act; (2) a knowing omission; or (3) a violation of an administrative regulation." Dugan v. TGI Fridays, Inc., 231 N.J. 24, 51 (2017) (quoting Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 245 (2005)). "The language of the CFA specifically identifies a variety of affirmative acts, including 'deception, fraud, false pretense, false promise, [and] misrepresentation,' and it also identifies as actionable 'the knowing[ ] concealment, suppression or omission of any material fact,' if intentional." Allen v. V & A Bros., Inc., 208 N.J. 114, 131 (2011) (alterations in original) (quoting N.J.S.A. 56:8-2).

"[W]hen the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud." Cox v. Sears Roebuck & Co., 138 N.J. 2, 17-18 (1994) (citing Chattin v. Cape May Greene, Inc., 124 N.J. 520, 522 (1991)). However, if "the alleged consumer-fraud violation consists of an affirmative act, intent is

not an essential element and the plaintiff need not prove that the defendant intended to commit an unlawful act." Ibid.

We initially note the following factual findings which do not appear supported by the record. Specifically, the court found the absence of any evidence connecting defendant Fenix to plaintiff's CFA claim, in part, because plaintiff did not know "the name of the person . . . he spoke to on the phone" during the exchange. The court's findings ignored, however, plaintiff's testimony, which the court found credible, that he contacted Fenix based on the flyer he received and a tow truck operator from Fenix came to tow his car. We also observe plaintiff testified he spoke to the owner of Fenix, who he understood to be Reiban, and no contrary proof was presented by way of cross-examination by defendants. In addition, we note: 1) Reiban admitted in his suppressed answer that he controlled, directed, and participated in Fenix's operations, and 2) the court's findings are inconsistent with its determination that Fenix is responsible for the $350 owed to plaintiff. Nor did the court address each of the elements of the CFA claim and make necessary factual findings and legal conclusions accordingly.

We are therefore convinced a remand is necessary for the court to make necessary factual findings and legal conclusions with respect to plaintiff's CFA

11

claim. Upon remand the matter shall be assigned to a different judge. The judge here weighed the evidence and formed an opinion as to its adequacy. In fairness to the judge and the parties, we believe it prudent in such a scenario to have the matter heard by a different judge. See R.L. v. Voytac, 199 N.J. 285, 306 (2009) ("Because the trial court previously made credibility findings, we deem it appropriate that the matter be assigned to a different trial court.").

On remand, the newly assigned judge shall convene a new proof hearing within forty-five days and consider all proofs and testimony in light of the standard described. Notice of the hearing must be served on the defendants. If the court concludes that the plaintiff has not made out a prima facie case as to the CFA claim, then the court must specifically state why as to that claim, considering the proofs offered and the elements of the cause of action, consistent with Kolczycki, Heimbach, and Prickett.

Specifically, the judge should determine whether defendants' conduct qualified as an unlawful practice resulting in an ascertainable loss, and address the causal relationship between the unlawful conduct and the ascertainable loss. Lee, 203 N.J. at 521. If the judge determines that plaintiff established a CFA claim, the judge should award all relief permitted under the statute, including trebling of any damages and reasonable attorney's fees.

12

Finally, on remand the court should also decide whether Reiban should be held personally responsible for any violation of the CFA. Nothing in our opinion should be interpreted as a reflection of our views in the remanded proceeding.

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1358-24